JACKSON, *ex dem.* E. STEVENS, *against* F. STEVENS.

Where a person
having no title
to land, conveys
to another, and,
afterwards, pur-
chases a title to
the same land,
he is estopped
from maintain-
ing an action a-
gainst his gran-
tee for the land,
but the title
subsequently
acquired, will
enure to the be-
nefit of his gran-
tee and the con-
firmation of his
title.

THIS was an action of ejectment for a lot of land in the town of *Dover,* in the county of *Dutchess,* which was tried before Mr. J. *Van Ness,* at the *Dutchess* circuit, in *August,* 1815.

Both parties ultimately derived their title from *Lewis Hunt,* who lived on the farm in question, until his death, in 1776 or 1777. *Hunt* left two daughters, his heirs at law; *Susannah,* who married *Elkanah Briggs,* and *Mary,* who married *Samuel Stevens. Stevens* died about four years before the trial, and, after his death, *Mary,* his widow, married *Justus Blanchard.* The following deeds were given in evidence at the trial:

1. A deed, with warranty, dated the 24th of *December,* 1795, from *Elkanah Briggs,* and *Susan,* his wife, to *Samuel Stevens,* in fee, for the consideration of 930*l.* for an undivided half of the farm. This deed was not acknowledged by *Susan Briggs* until the 20th of *October,* 1815.

2. A deed, with warranty, from *Ebenezer Stevens,* the lessor of the plaintiff, and *Elizabeth,* his wife, to *Justus Blanchard,* in fee, dated the 15th of *July,* 1813, for the consideration of 2,800 dollars, for an undivided half of the farm. This deed, also, purported to convey "all the estate, right, title, interest, claim, or demand, which the said *Ebenezer Stevens* had to the premises, either in law or equity, from the last will and testament of *Samuel Stevens,* deceased." No will, however, was shown, nor

any other evidence of title in the lessor of the plaintiff as de-
rived from *Samuel Stevens.*

3. A deed, without warranty, from *Elkanah Briggs*, and
*Susannah*, his wife, to *Ebenezer Stevens*, the lessor of the plain-
tiff, in fee, dated the 4th of *April*, 1814, and acknowledged the
same day, for the consideration of 1,000 dollars for all the farm.

4. A deed, with warranty, from *Justus Blanchard*, and *Mary*,
his wife, to *Thomas Stevens*, the defendant, in fee, dated, and
duly acknowledged, on the 21st of *April*, 1815, for the consi-
deration of 11,250 dollars, for the whole of the farm.

A verdict was taken for the plaintiff, subject to the opinion
of the court on the facts stated.

*P. Ruggles*, for the plaintiff, contended, that the conveyance
from *E. Briggs*, and *Susannah*, his wife, to the lessor of the
plaintiff, vested in him a legal right to an equal and undivided
moiety of the premises in question ; and that the possession of
*Samuel Stevens*, or of those claiming under him, could not be
adverse, as the deed from *Briggs* and his wife, of the 24th of
*December*, 1795, though not acknowledged by her, vested in *S.
Stevens* a particular estate in the premises during their joint
lives.* * *Jackson* v. *Sears*, 10 *Johns. Rep.* 435. *Jack-son* v. *Schoonma-ker*, 4 *Johns. Rep.* 390.

Again ; the lessor of the plaintiff is not *estopped*, by his deed,
of an undivided moiety of the premises to *Blanchard*, from
claiming the other undivided moiety, by an after purchase,
against him, or those claiming under him. The case of *Jack-
son, ex dem. Danforth*, v. *Murray*,† does not proceed on the † 12 *Johns. Rep.* 201. and see *Jackson* v. *Bull*, 1 *Johns. Cas.* 90.
ground of an *estoppel.* The principle there decided is, that a
person shall not be permitted to claim in opposition to his own
deed, by alleging that he had no estate in the premises at the
time of giving the deed.

An *estoppel* is where a person is concluded by his own act, or
acceptance, to say the truth. An estoppel is reciprocal, and
binds both parties, and it ought to be certain to every intent ;
and, therefore, if a thing is not directly and precisely alleged,
it will be no estoppel. So, if an interest passes from the party
there shall be no estoppel. A party shall not be estopped to
aver a thing consistent with the record or deed. A man can-
not be estopped by accepting a deed of his own land.‡

‡ *Com. Dig. Estoppel*, (A. 1.) (B.) (E. 3.) (E. 4.) (E. 8.) *Co. Litt.* 352. a. 352. b. 4 *Bac. Abr.* 189. *Leases for years*, (O.) 1 *Roll. Abr.* 877. pl. 3. *Co. Litt.* 45. a.

ALBANY,
August, 1816.

JACKSON
v.
STEVENS.

The plaintiff, by his deed to *Blanchard*, can be concluded only as to that moiety. It would be carrying the doctrine of *estoppel* very far to say, that a person who has conveyed one moiety of an estate, should be estopped as to the other moiety subsequently acquired by him. The party is not estopped beyond the estate he held.[*] The grantee must resort to the covenants of warranty, if the grantor has no title. Tenants in common, in all actions, real and mixed, must sever, because their estates are several, and they claim by several titles. There is no unity but that of possession.[†] If the plaintiff should now be estopped from recovering the moiety subsequently purchased, his first deed would operate to convey the whole estate, instead of a moiety.

*J. Tallmadge*, contra, contended, 1. That there was an adverse possession for 20 years.[‡]

2. That the lessor of the plaintiff was estopped by his deed to *Blanchard*. A man is never allowed to claim in opposition to his own deed, or to say he had no title. An after-acquired title is good, by relation, and establishes and makes good all intermediate conveyances.[§] And, in *Jackson, ex. dem. Benson*, v. *Matsdorf*,[‖] the chief justice lays it down, that a deed, with warranty, is sufficient to pass any title subsequently acquired by the grantor.[**]

3. By the 5th section of the act concerning uses, (sess. 10. ch. 37.,) it is declared, that every estate, feoffment, gift, release, grant, &c., by persons of full age, &c., are good and effectual against the seller, feoffor, donor, or grantor, and their heirs, and all persons claiming under them. The statute of uses comes in the place of livery of seisin; there was a transmutation of the possession by the deed of *Briggs* and his wife to *E. Stevens*. The deed was effectual to pass an estate in fee; and if not, the subsequent acknowledgment is a confirmation, by relation, so as to make good all intermediate acts of the grantee.

4. *Briggs* and his wife were concluded by their deed from conveying to the lessor of the plaintiff. *Samuel Stevens* held adversely, and any subsequent conveyance by Mrs. *Briggs* would be void. The grantor must have power to deliver the possession, and actually deliver it.[††]

5. Again; the deed of *Briggs* and wife was a discontinuance

* 10 *Johns. Rep.*
292. 358.

† *Jackson* v.
*Bradt*, 2 *Caines'
Rep.* 174, 175,
176.

‡ *Jackson* v.
*Seers*, 10 *Johns.
Rep* 435.

§ *Jackson* v. *Bull*,
1 *Johns. Cas.* 90.
12 *Johns. Rep.*
201.
‖ 11 *Johns. Rep.*
91.
** *Co. Litt.* 265.
a. *Vin Abr. Estoppel*, (2.) pl. 9.
(A. a.) pl. 6.
(B. a.) pl. 8. pl.
15. *Co Litt* 47.
b. 1 *Salk* 276.
2 *Lord Raym.*
1551.

†† 9 *Johns. Rep.*
57.

of the estate, and she must have entered before she could have power to convey. The statute* which declares, that no acts of the husband shall prejudice the wife or her heirs, saves only her right of entry, according to her right or title, as if no such act of the husband had been done, or suffered. A conveyance by the husband, with warranty, works a discontinuance of the wife's estate, and she must enter before she can convey.†

Oakley, in reply, insisted, that the possession of Samuel Stevens was not adverse, because he must have taken possession according to his title. His possession was that of Mrs. Briggs, and so continued throughout.

Mrs. Briggs was estopped by her deed of the 4th of April, 1814, duly acknowledged, to set up the prior deed of the 24th of December, 1795, and her subsequent acknowledgment of that deed, in October, 1815, cannot make it good by relation. In Jackson v. Halloway,* it was decided that the wife, having joined her husband in executing a lease in 1806, duly acknowledged by her, had put it out of her power to affirm a prior lease by her husband, in 1795.

As to advere possession, it must have been so from the beginning, otherwise, it cannot avail.

The wife could not join in any warranty, or make a personal covenant, and a deed, with a warranty by the husband, cannot affect her rights, or work a discontinuance of her estate. There can be no discontinuance, unless it creates an adverse possession, so as to render an actual entry necessary, which was clearly not the case here. When the statute says the wife may enter, it means that her right of entry is saved, and she may enforce it by an action of ejectment. The notion of an actual entry by her is obsolete.

As to the principal point raised in the cause, whether the deed to Blanchard is an estoppel, we contend that the cases cited do not rest on the strict doctrine of estoppels. The principle is, that a party having no interest at the time of his conveyance, but acquiring a title afterwards, shall not be allowed to say he had no title when he first conveyed. It does not appear how the title was vested in Samuel Stevens.

The deed from E. Stevens to J. Blanchard, purports to be a conveyance of all the estate acquired under the will of Samuel Stevens. When Blanchard professes to take such an interest,

ALBANY, August, 1816.

JACKSON v. STEVENS.

* 1 N. R. L. 162. sess. 24. ch. 169. s. 2.

† Co. Litt. 326. a. 330. n. 284. 2 Bac. Abr. Discontinuance, (G.) 2 Roll. Rep 31. Cro. Car 320. Vin Abr. Baron and Feme, (E.a.) (pl. 9.)

* 7 Johns. Rep. 81.

PRATT
v.
MALCOLM.

can he ever allege that the estate was acquired in a different manner?

*Per Curiam.* The deed from *Blanchard* and his wife, of the 21st of *April*, 1814, unquestionably conveyed to the plaintiff a good title for an undivided half of the farm, *Mary* never having executed any other deed. The question is, whether the plaintiff shows a title to the other half.

It appears that the lessor of the plaintiff, in 1813, having no title from any source, executed a deed with warranty to *Justus Blanchard*, for an undivided moiety of the farm, and also all his interest under the will of *Samuel Stevens*, for the consideration of 2,800 dollars; and that, on the 4th of *April*, 1814, about nine months afterwards, he obtained, for the consideration of 1,000 dollars, a conveyance, without warranty, of the whole farm from *Briggs* and his wife.

There appears to be nothing to hinder the application of the rule of estoppel. *Ebenezer Stevens* professedly conveyed an undivided half of the farm, and all his other interest under the will, without showing what it was, to *Blanchard*, who conveyed to the defendant. Now, in the absence of all other proof, it must be intended that the subsequent purchase made by *Ebenezer Stevens*, from *Briggs* and his wife, was designed to confirm the deed which he had before executed to *Blanchard*.

Judgment for defendant.