Van Ness, J.,
déhvercd the opinión of the court. The words i * _ tif the act for the relief and settlement of the poor, s. 4i (1 R. L. 280.) are; “ that no person shall be deemed to gain a settlement in any city or town within this átate, by virtue of any purchase bf any bátate or interest ih such city, or town, whereof the consideration for such purchase shall not amount to the slim of 75 tiollars bona fidt paid, for any longer or further títñe than such J 1 7 JO *474 person shall inhabit in such town.” The consideration agreed 10 be given for the house and lot in this case, was 500 dollars. It seems that upon the balance due, after the payment of 50 1 . 1 rt ' dollars down, the pauper was to pay interest* He paid 72 . 1 1 v r dollars of the principal, and afterwards, 28 dollars as interest; which sums, in the whole, amount to 100 dollars; and the question is, whether the last payment can be taken into the account as a part payment of the consideration. The payment of interest being a part of the agreement, 1 am inclined to think that it is to be deemed as- much a payment of the consideration, as if it had been a payment of so much of the principal. The intent of the statute is, that the purchaser should be a person ‘ able to pay - 75 dollars upon the purchase ; (Burr. S. C. 56. 1 Barnard. 297.) and whether it be for interest or principal is not material. It has been held that where a person purchases an estate for 39/, of which he pays himself 9/. and the residue is paid by a third person to whom he gives a mortgage on the property for his security, the purchaser thereby-gains a settlement. (Rex v. Inhabitants of Bedford, Burr. S. C. 57. The King v. Inhabitants of Chailey, 6 Term Rep. 755.) If it were the meaning of the statute, that the purchaser should pay 75 dollars of ■principal, so as to give him an interest in the estate to that amount, then the decisions which 1 have cited would seem not to be law. In both those cases it will be seen that the court did not inquire what was the value of the interest acquired by the purchaser in the land, but how much he had paid. He mortgaged the land to secure the money borrowed, so that his interest in it was no greater than if he had paid part of the money, and given a mortgage directly to the vendor for the balance. So here, the first question is, how much was agreed to be given for the house-and lot; the answer is, 500 dollars, and such interest on the principal sum as should from time to time grow due. The next question is, how much has been- paid. The pauper has actually paid 100. dollars. This seems to be ali that the statute requires, and whether the sum paid be, principal 'of interest, appears to me not to be material, for it is, in either case, a payment of so much of the consideration due by the terms of the sale.
The next question is, whether such a title was acquired under this purchase as to give the pauper and his wife a settlement. In the case of The Overseers of the Poor of Schaghti *475 coke v. The Overseers of the Poor of Brunswick, (14 Johns. Rep. 109.) this court intimated that.a mere purchase of land will not satisfy this mode of acquiring a settlement; that although the act makes use of the term purchase, this necessarily implies a title. It is not, however, said, that a conveyance to the pauper himself is indispensable ; and Í apprehend that under the English statute, which is precisely like purs, except as to the amount to be paid, an indefeasible equitable interest has been considered sufficient to bring the purchase within its provisions. There is some ambiguity about the title in this case ; it is stated in one part of the case that the wife of the pauper actually had a deed, with warranty from the vendor, in February, Hitó; and in the examination of the pauper, which is agreed tó be evidence, it appears that he made a purchase of the same property in June, 1815, and paid the several sums before mentioned, having nothing but a bopd for a deed which he afterwards gave up, on quitting possession. I infer from the whole.case, however, that there was an absqlufe deed to the pauper’s wife, and that the payments were made by the husband, but whether he or his wife furnished the money," is not of any importance. In the case of The King v. The Inhabitants of Offchurch, (3 Term Rep. 114.) the facts were these : The husband and wife occupied a house under the following title ; it was vested, by a settlement, in trustees, for the separate use of the wife, with the usual clause that the wife’s receipts should be a discharge of the rents and profits, and that the rents should not be subject to the husband’s debts : it was held that this was such an estate as to gain the husband a settlement. Lord Kenyon, in giving his opinion, to which the rest of the court assented, says, “ now, supposing it had been the wife’s legal estate, the husband would have been seised jure uxoris, and by residing on it, would have gained a legal . settlement.’’ He also slates, fully, that where an estate is vested in the wife, the husband gains a settlement, and that even where such estate is an equjtable one, as where the legal.estate is vested in truste.es; a position which, he says, is confirmed by many other cases, and there are none in opposition to it. If the money were paid by the wife, she was .seised in fee, and having a child of which the pauper was the father, he had an interest during his life, if, on the other hand, the deed was given to the iyife to protect the property from his creditors, or for any other purpose, ^.md the husband paid the *476 money, which no doubt is the fact, there she was his truste~ and he had the whole beneficial interest. In The King v. Inhabitants of St. Michaels, (Doug. 630.) Lord Mansfield laid down the same rule. These, it is true, were cases at common law, and not of purchases under the statute of 9 Ceo. 1. C. 7.; bpt they show that at common law, a settlement may be gained by the husband, where the wife is seised of an estate either legal or equitable; and I can see no reason why an equitable interest, apquired by a purchase and payment of 75 dollars, if it be clear and indisputable, should not give a settlement under the statute. Suppose in this case the whole consideration had been paid, ~nd there was no deed to the husband or wife, would not such a purchase be within the statute? However, this is a question pot necessarily arising in this case. There has been a deed to the ~vife, and 75 dollars or wore has been paid upon it by the husband or wife, and in either case, it would be a title within ~he purview qf the statute. If the property were purchased with th~ wife's money, the husband wa~ seised ~iure unoris, she having a deed for it, and never having reconveyed, for aught that appears. If the payment was made by the husband, a trust results to him, and that iv~s a -sufficie~it title to give ~uirn a settlement in Whitest vn~
Order affirmed.