THE OVERSEERS OF THE POOR of the town of *Bridgewater,* against THE OVERSEERS OF THE POOR of the town of *Brookfield.*

ON certiorari to the general sessions of *Madison* county. *Zilpha Ward,* a pauper, was removed, by an order of two justices, from the town of *Brookfield* to the town of *Bridgewater,* in *Madison* county ; and on appeal to the sessions, they affirmed the order. *Brookfield* claimed that the pauper derived from a grantor having title.

A contract, by an administratrix, to convey lands of her intestate, when a surrogate's order for that purpose shall be obtained, does not vest such an interest, though an order be afterwards obtained.

Such a contract is void, and incapable of being enforced either at law or in equity, both because the administratrix has no interest, and as being contrary to the policy of the act authorizing administrators to sell the real estate of their intestate.

An administrator has no interest in, or control over the real estate of his intestate ; and though after a contract to sell land when a surrogate's order shall be obtained for that purpose, an order be actually obtained, the administrator takes no beneficial interest, which can enure to make the contract binding, even if it were not contrary to the policy of the law.

The cases which hold that where one conveys without title, and afterwards becomes owner, this shall enure to the benefit of the grantee, mean that the grantor must acquire a beneficial interest in the premises sold, not a mere naked authority to sell.

The purchase of an equitable interest in lands, and paying $75, constitute a settlement ; but this must be an indefeasible interest,

UTICA,
Aug. 1824.

Overseers of
Bridgewater
v.
Overseers of
Brookfield.

per had acquired a derivative settlement, in *Bridgewater*, from her father, *J. B. Ward* ; and the single question before the sessions was, whether *he* was settled there by virtue of an equitable estate, which *Brookfield* alleged he had acquired under a contract to purchase a farm of *Betsey Converse*. She had, as administratrix of *W. Converse*, deceased, executed a bond to *F. Stratton*, the condition of which, after reciting that her intestate was seized of the farm, that she, as administratrix, had sold it to *Stewart Bennet*, and received $60, as a full compensation, and that *Bennet* had sold to *Stratton*, was, that, after she had obtained the requisite order from the Surrogate, she should sell and convey to *Stratton* in fee. This contract was assigned by *Stratton* to *J. B. Ward* ; and afterwards by him to *Stewart Bennet*. *Ward* paid $100 as the consideration of the assignment to him. The Surrogate afterwards made an order of sale ; and the land was sold under it at public auction, to *Stewart Bennet*, the highest bidder, at $60.

*F. C. White*, for the plaintiffs in error, contended that the father of the pauper did not acquire such an indefeasible equitable interest as was necessary, within the cases, to confer a settlement ; and he cited and examined, *O. of Blenheim* v. *O. of Windham*, (11 *John. Rep.* 7) *O. of Schaghticoke* v. *O. of Brunswick*, (14 *John. Rep.* 199) *O. of Whitestown* v. *O. of Constable*, (*id.* 469) *O. of Augusta* v. *O. of Paris*, (16 *John. Rep.* 279) *O. of Pompey* v. *O. of Laurens*, (19 *John. Rep.* 238.) No specifick execution of such a contract as this would ever have been decreed by a Court of Equity. The obligor had no interest ; but a mere naked contingent authority. Beside, the contract was contrary to the policy of the statute authorizing sales under an order of Surrogates. To say that the administratrix may bind herself to sell in this manner, would put down all competition at the auction required by law. The bond is void for this reason. (*Jones* v. *Caswell*, 3 *John. Cas.* 29. *Doolin* v. *Ward*, 6 *John. Rep.* 194. *Wilbur* v. *How*, 8 *John. Rep.* 444.)

*J. A. Spencer* & *J. G. Stower*, contra, cited *Jackson* v. *Stevens*, (13 *John. Rep.* 316.)

UTICA,
Aug. 1824.

Overseers of
Bridgewater
v.
Overseers of
Brookfield.

*Curia*, per SUTHERLAND, J. In *The Overseers of the Poor of the town of Whitestown* v. *The Overseers of the Poor of the town of Constable*, (14 *John.* 469) it was held, " that an indefeasible equitable interest, in land, was a purchase of an estate or interest, within the meaning of the 4th section of the act for the relief and settlement of the poor," (1 *R. L.* 280) and gave a settlement to the owner of it, in the town where the land lay, provided he actually paid for it the sum of $75 ; and in *Augusta* v. *Paris*, (16 *John.* 281) *Spencer, J.* in delivering the opinion of the Court, says, " the statute contemplates two things—the ability of the purchaser to pay, and his actually paying $75, *in order that the payment shall acquire to the purchaser an estate or interest in lands.*" The money must not only be paid, but an indefeasible interest in land, either legal or equitable, *must be actually acquired.* If the vendor, therefore, has no title or interest in the land which he undertakes to sell, the vendee is not a purchaser, within the meaning of the statute, although he may have paid a full consideration for a good title. (*Blenheim* v. *Windham*, 11 *John. Rep.* 7.)

In this case, *Betsey Converse*, the administratrix of *W. Converse*, had no authority to sell the lands of her intestate, until the Surrogate made an order for that purpose. An administrator has no control over the lands of the intestate. His authority extends only to the personalty. If that is insufficient to pay the debts of the intestate, the statute directs the manner in which an order for the sale of a sufficient quantity of the real estate to pay the debts may be obtained. But, until such order is made, any contract which the administrator may make for the sale of the land, is utterly void, and incapable of being enforced, either at law or in Equity.

The doctrine, that where a person, having no title to land, conveys to another, and afterwards acquires a title to the same land, the subsequently acquired title shall enure to the benefit of his grantee, and the confirmation of his title, as established in *Jackson* v. *Stevens*, (13 *John.* 316, *and the ca-*

UTICA,
Aug. 1824.

Overseers of
Bridgewater
v.
Overseers of
Brookfield.

*ses there cited,*) is not applicable to a case like this. The administratrix never did acquire a beneficial interest in the land of her intestate. The Surrogate's order gave her merely a naked authority to sell ; and it would be against the policy of the law to permit the exercise of that authority to be influenced or controlled by any previous contract which she may have made. The sale, as finally made, gives the title, and can have no relation to any previous agreement. The bond of *Betsey Converse* to *Stratton*, by which she bound herself to give him a deed for the land, being absolutely void, the assignment of it to *Ward* passed no estate or interest in land, by which he acquired a settlement in the town of *Bridgewater*.

Order of Sessions reversed.