SCOTT and another, *vs.* THORPE and another.

_____

Purchasers of real estate cannot suggest their own alienism as a bar to specific performance.

_____

*February* 11,
1833.

*Specific per-
formance.*
*Alien.*

THE bill in this cause was filed to compel the specific performance of an agreement for the purchase of a house and lot at Ellenville in this state.

The defendants, in their joint answer, alleged, amongst other things, that the complainants, at the time the aforesaid agreement was made with the defendants, knew that they were foreigners (aliens) and took advantage of them in the price of the aforesaid house and lot; and the defendants had been led to believe, by conversations with the complainants, that foreigners could hold lands in the same manner as other persons.

Mr. *N. Dane Ellingwood*, for the complainants.

Mr. *Peter V. Remsen*, for the defendants.

THE VICE-CHANCELLOR. There are no circumstances in this case to show unfairness in making the contract: the defendants were Englishmen just arrived in this country and voluntarily entered into an agreement with the complainants.

The defendants have suggested their being aliens. This point the court cannot look to while it comes from them. They could have obviated this difficulty themselves: by making the necessary deposition or affirmation and having it filed and recorded by the secretary of state: 1 *R. S.* 720, § 15. There is nothing to prevent a decree for specific performance

and there must be the usual reference to the master to report upon the title. The question of costs and all further directions are reserved.

Order accordingly.