ABELL *vs.* DOUGLASS.

Money voluntarily paid, with a full knowledge of the facts in respect to which it is claimed, cannot be recovered back.

The principle applied to payments made on account of a purchase, by parol, of an equitable interest in lands situated in Pennsylvania.

Contracts and conveyances between citizens of this state respecting lands in another state, are governed by the laws of such other state.

In the absence of proof to the contrary, the common law of England respecting the formalities required to transfer a title to land is presumed to prevail in the other states of the union. *Semble.*

By the statute of frauds of Pennsylvania, proved on the trial, parol executory contracts for the sale of land are not declared void, but remain valid as they were at common law; and such is the doctrine of the courts in that state.

Accordingly, where one gave his promissory notes upon the purchase by parol of an equitable interest in land in Pennsylvania, *held* that such notes were made upon a legal consideration and were valid.

But if the contract could not have been enforced for not being in writing, still where the purchaser has disposed of the subject of his purchase and has thus had the benefit of it, he cannot set up that the notes given upon the purchase were without consideration.

ASSUMPSIT, tried at the Erie circuit, in July, 1843, before DAYTON, C. Judge.

The plaintiff claimed to recover, 1. The amount of a promissory note made by the defendant, March 24, 1836, for $500, as to which there was no controversy; 2. The sum of $250 paid by the plaintiff in part satisfaction of a note which the defendant had given, with several other persons to one Reed, with interest thereon; and 3. The sum of $800 and interest thereon, being the amount of a promissory note which the plaintiff gave the defendant on the 26th of March, 1836, and which the plaintiff had paid, but claimed to be entitled to recover back. The following facts were proved, or admitted: In February, 1836, the defendant, D. McCluer and E. A. Lester went to Erie, Pa., for the purpose of purchasing lots at that place, with a view to a speculation. The plaintiff and one White, knowing their purpose, requested, as they were setting off from Chautauque county, to be admitted to share in the enterprise. At Erie three other

persons joined in the adventure, and the six persons—the defen dant, McCluer and Lester, and the three others who joined at Erie—agreed to purchase a lot of land of one R. S. Reed for $16,000, each to take one-eighth, leaving two-eighths for the plaintiff and White. As between themselves each was to pay an equal part of the purchase money. Reed conveyed the land to McCluer, who executed his bond and mortgage for $14,000, and the defendant and a part of his associates gave their prom- issory notes for $2000, the residue of the purchase money. On the return of the parties to Chautauque county, the plaintiff and White, on being informed of the purchase, agreed to take the shares intended for them, and to pay each his share of the pur- chase money. Afterwards, and on the 26th of March, 1836, the plaintiff bought of the defendant his share in the specula- tion at an advance of $2400, agreeing to take the place of the defendant and pay off all his liabilities on account of the pur- chase. The foregoing transactions between the plaintiff and the defendant and between the associates were verbal. The plaintiff then gave the defendant three promissory notes, for $800 each, payable, respectively, in four, eight and twelve months from that time; and he also gave to the defendant a writing stating that he had purchased the defendant's right in the land at Erie of which McCluer held the title, and agree- ing to pay the defendant's proportion of the $2000 notes and to save the defendant harmless therefrom. The plaintiff had paid the first of the three notes for $800, and $250, being the defen- dant's proportion of the note of $2000 to Reed—the whole of the last mentioned note having been paid; and these pay- ments, with interest thereon, together with the uncontested note for $500 and interest, constituted his claim in this suit. He gave in evidence the statute of frauds of Pennsylvania, which is sufficiently stated in the opinion of the court.

McCluer was sworn as a witness for the defendant, and proved that he and the plaintiff purchased the shares of all the other associates, and, as between themselves, agreed to share in the profits; and the witness on behalf of the plaintiff and himself went to New-York to sell the land, but was unable

Abell *v.* Douglass.

to do so. When the first payment on the bond and mortgage became due, they gave their note for the amount and were afterwards sued on it and judgment was obtained. Afterwards, the plaintiff made an arrangement with Reed to take back the land, and McCluer accordingly reconveyed it in November, 1840 ; and the whole matter was settled as between Reed and the plaintiff and McCluer. The defendant gave in evidence the two other promissory notes, of $800 each, which the plaintiff had given him, and claimed to have the same, with the interest thereon, set off against the plaintiff. The judge held that the plaintiff was not entitled to recover except as to the note of $500 to which no defence was pretended ; and that the defendant was not entitled to set off the notes held by him, which the judge charged were void for having been given on a parol contract for the purchase of land. Both parties excepted, and a bill of exceptions on behalf of each was settled and signed. The jury gave a verdict for the undisputed demand, in accordance with the judge's charge.

*C. H. S. Williams,* for the plaintiff, made the following points :

1. The sale by the defendant to the plaintiff was of an interest in lands, and being by parol was void at the common law and by the statute of Pennsylvania.

2. Money paid upon a purchase void by statute, but not illegal, may be recovered back. (*Rice* v. *Peet,* 15 *John.* 503; *Thayer* v. *Rock,* 13 *Wend.* 53 ; *Rickard* v. *Stanton,* 16 *id.* 25; *Ehle* v. *Judson,* 24 *id.* 97 ; *King* v. *Brown,* 2 *Hill,* 485 ; *Hogan* v. *Weyer,* 5 *id.* 389 ; *Fowler* v. *Shearer,* 7 *Mass.* 14, 31 ; *Kidder* v. *Hunt,* 1 *Pick.* 328; *Williams* v. *Reed,* 5 *id.* 480 ; *Claflin* v. *Godfrey,* 21 *id.* 1, 9, 14; *Sherburne* v. *Fuller,* 5 *Mass.* 133, 138; *Wallis* v. *Wallis,* 4 *id.* 135.)

3. The payment being voluntary does not furnish an objection. The invalidity of the purchase arose out of the law of another state, which parties here are not presumed to know. The mistake of the plaintiff was one of fact and not of law.

4. It makes no difference if the contract be considered execu-

tory. Being void, either party had a right to disregard it, though the defendant had tendered performance.

5. No demand was necessary. This is required only where the money was rightfully received by the defendant, as where he was the agent or factor of the plaintiff, or where a demand was parcel of the contract.

6. The same principle which enables the plaintiff to recover, precludes the defendant from setting off the remaining notes.

*J. Mullett,* for the defendant.

1. Money paid by the vendee upon a parol contract for the purchase of lands cannot be recovered back, unless the vendor is unable or refuse to convey; nor then until after a demand made of the money. (*Dowdle* v. *Camp,* 12 *John.* 451; 5 *Monroe's Ky. Rep.* 191; 7 *Metc.* 57.) (*a*)

2. Both sums were paid by the plaintiff voluntarily, with a full knowledge of all the facts; and *volunti non fit injuria.* (2 *East,* 469; 1 *Esp.* 279; 5 *Taunt.* 144; 9 *Cowen,* 674; 1 *Wend.* 355.)

3. The notes which the defendant sought to set off were not given upon an executory contract for the sale of lands; the interest sold passed and the contract was immediately executed. But it was not an interest in lands which was parted with, but only in the profits expected to be made by a sale by McCluer, for a larger price than the amount agreed to be paid.

4. There was no failure of consideration. The plaintiff actually got all he contracted for or expected to have. The only difficulty was that it did not turn out to be so valuable as he supposed it would be; but there was no fraud, and this court cannot give relief against a bad bargain.

*By the Court,* BEARDSLEY, J. On the purchase of the defendant's right to the land in Erie, or his interest in the speculation, whichever it should be called, the plaintiff engaged to pay the defendant's share of the note for $2000 which had been

(*a*) See also *Abbott* v. *Draper,* (*ante, p.* 51.)

given when the land was purchased, and which share amounted to $250. He also engaged to pay the defendant three sums of $800 each, for which three promissory notes, at four, eight and twelve months, were then given. The $250 were duly paid, as also was the first of the three notes, and for these two sums the plaintiff seeks to recover in this action.

These payments were made as money due from the plaintiff, and not at the request of the defendant or upon any promise of repayment by him. When made the plaintiff was aware of every fact and circumstance connected with the transaction, and acted with his eyes open without the pretence of fraud, coercion or mistake. I am unable to discover any reason why the plaintiff was not legally bound to make these payments, as he had expressly promised to do; but at all events they were purely voluntary, and there is no principle on which a promise of repayment can be implied. (*Chit. on Cont.* 633, 639, *ed.* 1842; 2 *Phil. Ev.* 119, 120; 1 *Chit. Pl.* 384; 1 *Saund.* 264, *note;* 2 *Saund. Pl. and Ev.* 679; *Broome's Legal Maxims,* 127 *to* 130; *Bilbie* v. *Lumley,* 2 *East,* 469; *Brisbane* v. *Dacres,* 5 *Taunt.* 144; *Wilson* v. *Ray,* 10 *A. & E.* 82.) The exceptions taken on the part of the plaintiff cannot be sustained.

The land purchased at Erie was conveyed to McCluer, who was to hold the same in trust for the other parties in interest as well as for himself. At law the defendant had no title to this land, although his right in equity was entirely clear. The land was in Pennsylvania, and the validity of the transfer of the defendant's equitable right therein, which he assumed to make to the plaintiff, would necessarily depend upon the law of that state, and not upon the law of New-York. We are to assume that the common law was in force in Pennsylvania; and as far as appears by the evidence given on the trial, there is nothing in the statute law of that state to prevent a transfer by parol of the defendant's equitable interest in the land, being as effective as a transfer in writing would have been.

There are three distinct features of the act of 29 Car. 2, ch. 3, which it may be proper here to notice. Subject to the exception of leases not exceeding three years, that act provides as follows:

1. " All leases, estates, interests of freehold or terms of years, or any uncertain interests of, in or out of any messuages, man- ors, lands, tenements or hereditaments, made or created by livery of seisin only or by parol, and not put in writing, and signed by the parties so making or creating the same," shall have the force and effect of leases and estates at will only ; and such leases, estates and interests shall only be assigned, granted or surrendered by deed or note in writing. (*See the act. Rob. on Fr.* 467, §§ 1, 2, 3.)

2. No action shall be brought upon any contract for the sale of lands, tenements or hereditaments, or for any interest in or concerning them, unless the agreement be in writing and signed by the party to be charged therewith. (§ 4.)

3. Trusts, with certain qualifications, can only be declared, created or transferred in writing. (§§ 7, 8, 9.)

These provisions have been substantially re-enacted here, and with slight modifications, not material to be noticed, are now law in this state. (1 *R. L. of* 1813, *p.* 78, §§ 9, 10, 11 ; *p.* 79, §§ 12, 13, 14 ; 2 *R. S.* 134, §§ 6 *to* 10 ; 3 *id.* 653 *to* 656.)

But it does not appear from the section of the statute law of Pennsylvania which was proved on the trial of this cause, that any part of these provisions beyond the 1st, 2d and 3d sections of the act of Car. 2, above referred to, have been enacted in that state. These sections relate, exclusively, to the actual creation and transfer by parol of legal estates or interests in land, and do not touch the validity of parol *agreements* for the sale or transfer of such estates or interests. Such agreements are ac- cordingly held, in Pennsylvania, to be legal and obligatory upon parties who enter into them. (*Bell* v. *Andrews*, 4 *Dall.* 152 ; *Ewing* v. *Tees*, 1 *Bin.* 450 ; *Lowry* v. *Mehaffy*, 10 *Ser. & Rawle*, 387.) And as there is not shown to be any statute of that state forbidding the sale or transfer, by parol, of an equi- table interest in land, the agreement between these parties was legal and binding upon them. By that agreement the equi- table interest of the defendant in the land conveyed to McCluer was to be transferred to the plaintiff, and this transfer was the consideration for the three notes of $800 each, executed by the

plaintiff to the defendant. The transfer of, or an agreement to transfer, an equitable interest, is a good consideration for a promise. The notes given by the plaintiff, in this case, were therefore binding upon him.

Besides all this, the plaintiff has had the full benefit of his contract with the defendant, and on no just principle can he be allowed to escape from the engagement entered into by him. The legal title to the land was in McCluer, who was jointly interested with the plaintiff in the purchase of the interest of the defendant. Since that purchase was made the defendant has not interfered with the land or claimed any interest in it; and it appears that by an arrangement between the plaintiff and McCluer on the one hand, and Reed, the original owner of the land, on the other, it has been reconveyed to him in satisfaction and discharge of the liabilities of the plaintiff and McCluer to him. The plaintiff has therefore had the full benefit of his bargain with the defendant; and although that, probably, was not one of much profit, he cannot, on that ground, be permitted to violate his engagements with impunity. There was error in rejecting the notes as a valid set-off, and there must be a new trial.

New trial ordered.