Johnson, J.
 

 The question in this case is conceded by the parties to depend upon the construction of the sealed instrument, dated Oct. 9, 1839, and executed by John Hillman and Jesse Anthony. The respondents insist that it operated as an assignment of all the right of John Hillman, by virtue of his marriage with the widow of James Wallace, to the property of Wallace, which she had as widow and as heir of one of his children. This construction cannot be sustained. The agreement was made with Anthony, the administrator of the estate of Wallace, who is called in the beginning of the paper his executor. It, however, contains no agreement by him, in terms, as representing the estate; nor had he, in his representative capacity, any authority to enter into the engagement which he, by its terms, assumed to make. The interest of Hillman, by virtue of his marriage, in both the real and personal estate, was a legal interest in him. In that share the children of Wallace had no interest, legal or equitable, and therefore they could have no right to complain of any agreement which the administrator and Hillman chose to enter into in respect to it. There can, therefore, be no
 
 *274
 
 presumption or intendment that any part of it was to be or to enure for their benefit, except in so far as the agreement itself expresses. Anthony personally engages to pay to Hill-man 1200 a year in consideration of Hillman’s part of the rents, issues and profits arising from the estate of Wallace, so long as Hillman should board, lodge, wash for and give attention to Wallace’s surviving children. Hillman was not legally bound to support these children of his wife by her former marriage, nor does he seem to have been desirous to take his wife’s share of the property, but only to secure himself against being put to the expense of their support in case they lived with him. He, therefore, transferred his rights to Anthony, taking his engagement to pay $200 a year, and probably relying on his integrity to make a just disposition of the moneys which should come to his hands when the children should be of sufficient age to protect Anthony against the expense which he might incur by the payments he agreed to make. This reliance seems to have been well founded; for, when Anthony stated his account with Levi C. Hillman, representing the children and Mr. and Mrs. Hillman, Anthony did not claim to retain any part of the proceeds as his own, but paid over the ' unexpended balance. In this balance the children acquired no new rights by the agreement.
 

 The Supreme Court and surrogate having erred in this particular, their judgment and decree should be reversed.
 

 Denio, Ch. J., Selden, Brown, Paige and Shankland, Js., concurred in this opinion. Comstock, J., did not sit in the case.