JOSEPH J. TOMPKINS, as ADMINISTRATOR, ETC., RESPONDENT, *v.* MARTHA A. RICE, APPELLANT, IMPLEADED WITH OTHERS.

55  563
42ap447

*Husband and wife — transfer by a husband, before letters of administration are issued, of property of his deceased wife — administration upon the estate of a deceased wife is not necessary to vest the title to her personal property in her husband.*

In an action to determine the rights of certain parties to an amount, secured to be paid by a bond and mortgage, which had been paid into court, the fund was claimed by the plaintiff, as the administrator of Adelia Tompkins, who, died without descendants, and was at the time of her death the owner of the bond and mortgage. The defendant claimed title to the fund by virtue of a transfer of

the bond and mortgage to her made by the plaintiff after the death of Adelia Tompkins, and before letters of administration had been granted upon her estate.

The plaintiff was the husband of the decedent, and it appeared took possession of the bond and mortgage before his appointment as administrator ; and while in possession, and exercising exclusive ownership over the same, transferred and set over said bond and mortgage to the defendant.

*Held,* that the plaintiff, as the husband of his deceased wife, in default of any other disposition of her estate by her, became vested with the title to the personal property, of which she died the owner, by virtue of his marital rights, and that administration upon her estate was not necessary in order to vest the title thereto in him.

APPEAL by the defendant Martha A. Rice, upon questions of law and upon the facts, from a final judgment, entered in the office of the clerk of Schuyler county on the 25th day of June, 1889, after a trial at a Special and Equity Term in Schuyler county, at which the court adjudged that the sum of $753.50, deposited in this action, belonged to and was the property of the plaintiff.

*Lyman J. Baskin,* for the appellant.

*John J. Van Allen,* for the respondent.

MARTIN, J. :

This action was brought to foreclose a mortgage. The title to the bond and mortgage and the debt secured thereby was claimed by the plaintiff, and also by the defendant Martha A. Rice. Such proceedings were thereupon had that the defendants, who were liable to pay the mortgage debt, were permitted to deposit the amount unpaid thereon with the court, and the mortgage was duly satisfied and discharged. The appellant was then made a party to the action, and the action was transformed into an action to determine the rights of the appellant and respondent to the fund in the hands of the court. The respondent claimed the fund as the administrator of Adelia Tompkins, deceased. The appellant claimed that she was entitled to it under and by virtue of a transfer of said bond and mortgage, to her by the respondent, after the death of his intestate and before letters of administration were granted.

The respondent, by his amended complaint, alleged that he was entitled to said fund as the administrator of Adelia Tompkins, who was the owner thereof at the time of her decease. The appellant,

by answer, in substance alleged, that Adelia Tompkins died intestate, leaving no descendants; that her personal estate on her death vested in the respondent, who was her husband; that he took possession thereof before his appointment as administrator, and became possessed and was the owner of such personal estate, subject only to the payment of the debts of the intestate; that afterwards, and while the respondent was in possession and exercising exclusive ownership of such personal estate, he, with full knowledge of his legal rights as surviving husband of the decedent and owner of the bond and mortgage in suit, transferred, set over and delivered said bond and mortgage to the appellant for her own use and benefit, releasing to her full ownership and control forever; that he reserved sufficient other funds of said estate to pay all the debts, thereby intending to vest and vesting in the appellant full ownership of said bond and mortgage, free and clear from all estate, debts or claims whatsoever; and that she was the absolute owner of said bond and mortgage and of the avails and proceeds thereof.

With the issue thus joined pending between the parties, the action was placed upon the Special Term calendar for trial. When reached the respondent moved for judgment on the ground that there was no defense set up in the defendant's answer. It was then conceded that there had been no settlement of the decedent's estate in the Surrogate's Court, and that there had been no advertisement for claims to be presented. The court thereupon held that the question of the title to this fund could not be litigated in this action, and that the plaintiff, as administrator, was entitled, upon the answer, to the possession of the fund in question, to be accounted for as assets of that estate, and ordered judgment on the pleading.

No evidence was introduced by either party. The court subsequently made and signed a decision in writing, wherein he found as a fact that such bond and mortgage, being a part of the assets of the estate of Adelia Tompkins, to which said administrator, the respondent, was entitled, as such, the same belonged to him in his representative capacity, and held, as a matter of law, that the appellant had no right, title or interest in said fund or any part thereof as against the plaintiff in this action, as administrator of Adelia Tompkins, deceased, the same being a part of the assets belonging to said estate, and awarded judgment against the appellant accordingly, with costs.

To such rulings and findings the appellant duly excepted. In pursuance of this decision the respondent entered judgment herein, whereby it was, among other things, adjudged and decreed "that the said defendant Martha A. Rice has no right, title or interest in or to the same (the fund in question), and has no right, title or interest in or to the mortgage this suit was originally brought to foreclose, but that the same belongs to the said plaintiff, as such administrator, and as a portion of the assets of Adelia Tompkins, deceased, exclusively."

In determining the validity of the judgment in this case we must assume the facts as admitted and alleged by the appellant. Hence it must be admitted, for the purposes of this appeal, that the plaintiff was the husband of his intestate; that she made no disposition of her personal estate; that she left no descendants; that her personal estate came to the possession of the plaintiff, who exercised exclusive ownership over the same; that, with full knowledge of his rights, he transferred the bond and mortgage in question to the appellant for her own use and benefit; that sufficient of the estate of his intestate was reserved by him to pay all her debts.

In *Ransom* v. *Nichols* (22 N. Y., 110), it was held, that where a married woman died intestate, the title to her separate personal estate vested in her surviving husband, and could not be affected by the granting of administration upon her estate to any other person, and that the statutes of 1848 and 1849 in respect to the rights of married women did not change the rule at common law in that respect. In that case it was said: "It seems very clear that Lyman Nichols, after the death of his wife (if not before), was entitled to the possession of the note and all the property in it passed to him, and that, consequently, he had the right to receive payment upon and discharge the same;" and the court quoted with approval what was said in *Vallence* v. *Bausch* (17 How., 243): "It is presumed that a voluntary payment to him, and discharge by him, of a note or bond belonging to the wife's estate, without or before administration, would be perfectly good."

In *Ryder* v. *Hulse* (24 N. Y., 372), it was held that at common law a husband is entitled to the personal property and choses in action of his wife, and they are vested in him at her death, whether reduced to possession or not, in virtue of his marital right, and not of his right to administration.

In *Barnes* v. *Underwood* (47 N. Y., 351), it was held that at common law the husband had the right of administration, and through administration he acquired the title to the personal property of his deceased wife not reduced to possession during coverture, subject only to the payment of her debts; that those rights were preserved by the Revised Statutes (2 R. S., 75, § 29 ; p 98, § 79), and have not been affected by the statutes of 1848 and 1849 in relation to married women ; that those statutes gave the wife control of her separate estate, with power of testamentary disposition during her life, but if she died intestate, the rights of her husband as her successor were not affected ; that the amendment of section 79 of the statute of distribution in 1867 did not affect the right of the husband to administration and enjoyment of his deceased wife's personal estate where she died leaving no descendants.

In *Olmsted* v. *Keyes* (85 N. Y., 602), Judge EARL, in delivering the opinion of the court in that case, said : " All the choses of the wife not reduced to possession during the joint-lives, by the common law, pass to the husband upon her death — all without any exception — and there is no authority to the contrary ; and this is true, whether such choses are then payable or are mere reversionary or contingent interests payable at a future day, or mere possibilities. He may then release them or take payment of them without administration, if he can get payment. If administration is needed to reduce the choses to possession, he is entitled to it, and if there are no debts, the administration is solely for his benefit. If, after his wife's death, the husband does not release, assign or reduce to possession her choses in action during his lifetime, then after his death his personal representatives are entitled to administration upon them for the benefit of his estate as part of his assets."

In *Robins* v. *McClure* (100 N., Y., 328), the defendant's wife died leaving no descendants, but leaving a will by which she gave to her husband one-half of her residuary estate, the other half to her brother and sister. The husband was appointed executor, and qualified. The brother died before the testatrix. The residuary estate consisted solely of personal property. In an action for the construction of the will it was held that the husband, by virtue of his marital rights, was entitled to that portion of the estate bequeathed to the brother, which bequest lapsed by reason of his

death before that of the testatrix, and that letters of administration were not necessary to protect the husband's rights. It was also held that the rule of the common law recognized by the Revised Statutes (2 R. S., 75, §§ 29, 30; Id., 98, § 79), which authorizes a husband to hold the property of his deceased wife, not only by virtue of administration, but also by virtue of his marital rights, so far as it applies to the case of a wife dying intestate, without leaving descendants, has not been changed by the various acts in relation to married women. (Chap. 200, Laws 1848; chap. 375, Laws 1849; chap. 90, Laws 1860; chap. 172, Laws 1862; chap. 782, Laws 1867.)

In the case last cited the case of *Barnes* v. *Underwood* (*supra*) was considered, and the court held that, so far as the *Barnes Case* was to be regarded as deciding that a husband became entitled to the estate of his deceased wife solely by virtue of his right to administer her estate, it was contrary to the doctrine of the other authorities upon the question, and that that case should not be regarded as overruling such authorities, but that the former authorities should be regarded as the settled law of this State until expressly overruled. Thus the *Barnes Case* must be regarded as overruled so far as it is in conflict with the doctrine that a husband may hold the personal property of his wife, by virtue of his marital rights, without administration, when she dies intestate without leaving descendants. (See, also, *Fry* v. *Smith*, 10 Abb. N. C., 224; *Westervelt* v. *Gregg*, 12 N. Y., 202.)

Applying the principle of these authorities to the facts in this case, and we are unable to discover any ground upon which this judgment can be upheld, it is quite manifest that the plaintiff, as the husband of his deceased wife, became vested with the title to the personal property of which she died the owner, including the bond and mortgage in question, under and by virtue of his marital rights, and that administration was not necessary to vest such title in him. He being the owner of this bond and mortgage, and also having sufficient other property with which to pay the debts of his intestate, transferred the bond and mortgage to the appellant and delivered them to her. That he had the power and authority to make this transfer seems to be well established by the authorities cited. Having made such transfer, he cannot now claim the avails of such bond and mortgage simply because he had not been

appointed administrator at that time. There is nothing in the case to show that the rights of any person, other than the appellant and respondent, are involved, hence it is unnecessary to consider the question whether such transfer was valid as to the creditors (if any) of Mrs. Tompkins. The question here is between the appellant and respondent as to their rights under the allegations of the defendant's answer.

We think the learned judge at Special Term erred in holding that the plaintiff was entitled to the possession of the fund in question, and that the appellant had no right, title or interest in such fund, or any part thereof, as against the plaintiff, and in directing a judgment accordingly, with costs.

It follows that the judgment should be reversed, and a new trial ordered, with costs to abide the event.

HARDIN, P. J., concurred ; MERWIN, J., concurred in result.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide event