(33 Misc. Rep. 659.)

BELDEN v. WILKINSON et al.

(Supreme Court, Special Term, New York County. January 23, 1901.)

1. PLEADING—PRESUMPTIONS—DEMURRER TO ANSWER.
Where defendant denies the allegations of the petition, and sets up separate affirmative defenses, it will be assumed that each defense is intended as a complete defense, and each will be so tested on demurrer.

2. ALIENS—PURCHASE OF LAND—CONTRACT—VALIDITY.
In an action for an unpaid balance on a contract for a sale of land, it is no defense that at the time the contract was made with defendants' decedent he was an alien, and that that fact was known to plaintiff, since the state alone could question the right of the alien to hold land.

3. SAME—SALE TO ANOTHER.
In an action for an unpaid balance on a contract for sale of land made with defendants' decedent, it was no defense that, with plaintiff's knowledge, the land was to be acquired by a corporation, because decedent was an alien, and could not hold land, and that the corporation made payments thereon.

4. STATUTE OF FRAUDS—PLEADING.
In an action for an unpaid balance on an oral contract for the sale of land, the statute of frauds must be specially pleaded to be available as a defense.

5. EXECUTORS—TESTAMENTARY TRUSTEES—ATTACHMENT.
Where, in an action against defendants as "trustees" of decedent's estate, a certain fund in the hands of third parties was attached by plaintiff, the fact that such fund belonged to defendants as decedent's "executors," and in no other capacity, was a good defense, as the court had no jurisdiction over defendants in their capacity as executors.

6. SAME—PLEADING.
Where defendants were sued as "trustees" of decedent's estate, and plaintiff attached a certain sum in the hands of third parties, a defense that the sum belonged to defendants as "executors," and not as "trustees," was not demurrable, though plaintiff had alleged that defendants had transferred all of decedent's property to themselves as trustees, where defendants denied such allegation.

7. APPEARANCE—NONRESIDENTS—JURISDICTION.
An affirmative defense that defendants, who were sued as trustees, were aliens and nonresidents, and had not been served, but that the summons and complaint were served by publication, and that defendants, as trustees, had no property in the state, and the court was therefore without jurisdiction, was good on demurrer, and service by defendants' attorney of an answer pleading to the jurisdiction, on grounds of nonresidence, was not to be regarded as a general appearance.

8. LIMITATION OF ACTIONS—NONRESIDENTS.
In an action for an unpaid balance on a contract for the sale of land, an answer that defendants were residents of Great Britain, and that by

the British statute such action must be brought within six years after the cause of action accrued, and that the cause stated in the complaint did not accrue within the last six years, was good on demurrer, under Code, § 390, providing, in substance, that actions against nonresidents, not involving title to, or possession of, realty, shall be governed, as to limitations, by the law of defendants' residence.

Action by Horace Belden against George Wilkinson and others, trustees of Frank Wilkinson, deceased. Plaintiff demurred to separate affirmative defenses pleaded by defendants. Judgment sustaining demurrers to first defense, and overruling as to the others.

Swayne & Swayne, for plaintiff.

Jos. Dunn, for defendants.

McADAM, J. The plaintiff, by his amended complaint, sues the defendants as trustees under the last will and testament of Frank Wilkinson, deceased, for an unpaid balance on an oral contract alleged to have been made with the decedent for the sale of certain land in Connecticut. In their amended answer the defendants, after putting in issue the material allegations of the amended complaint, set up four affirmative defenses, and the plaintiff demurs to each defense on the ground that it is insufficient in law upon the face thereof.

It must be assumed that the new matter constituting each defense is pleaded as a complete defense, and it must be tested as such. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.

The first affirmative defense is a plea that the decedent was an alien of the United States, and a resident, householder, and manufacturer at Beeston, in the county of Nottingham, England; that at the date of the contract in question, as the plaintiff well knew, the decedent could not, under the laws of Connecticut, acquire good title as such alien to lands situate in that state, by reason whereof, as plaintiff well knew, the decedent, in behalf of himself and others, caused to be organized a corporation under the laws of Kentucky, with a view of said company acquiring, together with other real estate in Connecticut, the property mentioned in the complaint, and with that view, and for that purpose, and no other, the sums mentioned in the complaint as having been paid by the decedent to the plaintiff were paid to him by said corporation in connection with the acquisition of said property by, and the deeding of same to, said company. It is difficult to conceive how this plea could be a complete defense. The state alone, according to the common-law rule, could question the right of the alien to hold the land. Munro v. Merchant, 28 N. Y. 9; Wadsworth v. Wadsworth, 12 N. Y. 376; People v. Conklin, 2 Hill, 67; Scott v. Thorpe, 1 Edw. Ch. 512; Governeur's Heirs v. Robertson, 11 Wheat. 332, 6 L. Ed. 48; Manuel v. Wulff, 152 U. S. 505, 14 Sup. Ct. 651, 38 L. Ed. 532. And the facts that the property in question was, with the knowledge of the plaintiff, to be acquired by a corporation, and that the corporation made payments on account of the land, do not defeat the plaintiff's right of action for the breach of a contract, the making of which with the decedent is not questioned by the plea contained in the first affirmative defense. The defendants do not plead the statute of frauds of the state of Connecticut, the place where the contract was

made and land situated, yet in their brief claim the benefit of such a statute. To make this defense available, it ought to have been specially pleaded. Miller v. Wilson, 146 Ill. 523, 34 N. E. 1111; Siegel v. Robinson, 56 Pa. St. 20; Abell v. Douglass, 4 Denio, 305. The demurrer to the first defense is therefore sustained.

The second affirmative defense alleges that a certain fund in the hands of third parties, which has been attached by the plaintiff in this action, was and is held by said third parties as the property of these defendants, as executors of the decedent, and not otherwise. Executors as such may hold money of their testator separate and distinct from property held by them as trustees. "The office of an executor and that of a testamentary trustee are essentially distinct, although not infrequently the same person is appointed both executor and trustee. In the former capacity, it is his duty to collect the property and pay the debts and legacies; in the latter, he is called upon to invest and manage a particular fund or trust estate in accordance with the directions of the will. * * * Where the will appoints a person executor, and then imposes upon him as such the execution of a trust, then the appointee, by proving the will and qualifying as executor, will be deemed to have accepted the trust, and he is accountable in each capacity separately. It is as if two different persons had been appointed to the two offices." Redf. Prac. Sur. Cts. (5th Ed.) p. 269; and see Hillman v. Stephens, 16 N. Y. 278; Bridgewater v. Brookfield, 3 Cow. 299. Upon his application for an attachment the plaintiff sued the defendants as executors and trustees of the decedent. Since then he has amended his complaint, and proceeds against the defendants in their capacity as trustees only. Assuming that the facts set up in the defense are true, the defense is sustainable because it shows that jurisdiction in rem cannot be invoked against the defendants as trustees, and the action is not maintainable because of the want of such jurisdiction. The fact that the plaintiff alleges in his amended complaint that the defendants turned over, assigned, transferred, and converted into the hands of themselves, as trustees of the decedent, all of the property, real and personal, of decedent, does not help the demurrer, for the defendants deny that allegation.

In their third affirmative defense the defendants plead their nonresidence and alienage; that the summons and complaint in the action were not served on them or either of them; that the summons and complaint were served by publication and mailing; that none of the defendants has any property in this state except the sum attached, which sum belongs to them as executors of decedent; and that, therefore, the court has no jurisdiction over the persons of defendants. If the defendants, as trustees, the capacity in which they are sued, have no property in this state, the plaintiff cannot invoke jurisdiction in rem, upon the argument of this demurrer. The defendants served no notice of general appearance in the action. The case is therefore distinguishable from Reed v. Chilson, 61 Hun, 623, 16 N. Y. Supp. 744, affirmed in 142 N. Y. 152, 36 N. E. 884, and comes within the decision of Hamburger v. Baker, 35 Hun, 455, in which it was held that the service of an answer by the attorney of a nonresident pleading want

of jurisdiction could not be regarded as a general appearance of the defendant rendering him amenable to the jurisdiction of the court. See, also, Landers v. Railroad Co., 53 N. Y., at page 460. The demurrer to the third defense must therefore be overruled.

It may appear at the trial that the court has complete jurisdiction, as was decided upon the demurrer to the complaint (Belden v. Wilkinson, 44 App. Div. 420, 60 N. Y. Supp. 1083); but such conclusion is inconsistent with the admissions made by the plaintiff's demurrers. Demurrers are generally dangerous, and particularly so in cases of this character.

For a fourth affirmative defense the answer pleads the nonresidence of the decedent and the defendants, and their residence in the kingdom of Great Britain and Ireland; that by the British statute such an action as that in suit must be brought within six years after the cause of action accrues; and that the cause of action alleged in the amended complaint did not accrue within six years prior to the commencement of the suit. In his complaint the plaintiff alleges the payment of interest by the decedent on the debt for which suit is brought down to September, 1894. This allegation is denied by the answer. Code, § 390, provides that "where a cause of action, which does not involve the title to or possession of real property within the state, accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state, against him or his personal representatives, after the expiration of the time limited, by the laws of his residence, for bringing a like action, except by a resident of the state," etc. Before the enactment of this statute a foreign statute of limitations could not be pleaded in bar of an action brought in this state. The lex fori governed in such a case. Miller v. Brenham, 68 N. Y. 83. It has been held that the statute extends to nonresident debtors the protection of the foreign statute of limitations in all cases where it has run, and effectually discharged the debt according to the laws of the debtor's residence. Howe v. Welch, 3 How. Prac. (N. S.) 465, 17 Abb. N. C. 397, affirmed in 3 N. Y. St. Rep. 576; Taylor v. Syme, 17 App. Div. 517, 45 N. Y. Supp. 707, reversed on other grounds in 162 N. Y. 513, 57 N. E. 83. As the parties are nonresidents, and the action does not involve the title to, or possession of, real property within the state, the demurrer to this defense must therefore be overruled.

Demurrer to first defense sustained; demurrers to second, third, and fourth defenses overruled, with leave to the plaintiff to withdraw said demurrers as to said three defenses if he elects to do so.