(49 Misc. Rep. 432.)

GITTINGS v. RUSSEL.*

(Supreme Court, Special Term, New York County. February, 1906.)

1. ATTACHMENT—PROPERTY SUBJECT—FUNDS WITH ADMINISTRATOR.

In attachment against defendant, funds to the credit of his wife's estate, of which he is administrator, deposited with a trust company, cannot be attached, though the funds may eventually go to defendant.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 156–160, 188.]

2. SAME.

Until the statutory publication for creditors is proved to have been made, no presumption can be indulged that there are no creditors of the estate whose rights would be enforceable against the funds of the estate,

so as to render them subject to attachment in an action against the hus-
band of decedent, though upon the death of his wife legal title to the
funds vested in him.

Action by J. Evans Gittings against William H. Russel. Judgment
for plaintiff. Motion to vacate judgment granted.

Henry M. Earle, for plaintiff.

Miller, Miller & Storm, for defendant.

BLANCHARD, J. This is a motion to vacate the judgment entered
upon the service of the summons and complaint in this action, upon
the ground that the court had no jurisdiction to render the judgment,
since no service was personally made upon the defendant within the
state, and no property belonging to the defendant was attached within
the state, and the defendant has not appeared generally herein. At
the time of the service of the attachment upon the Trust Company of
America, upon which the plaintiff relies for jurisdiction over the de-
fendant, there were on deposit with the company funds to the credit
of "Estate of Kate B. Russel, W. H. Russel Administrator." Kate B.
Russel was the wife of W. H. Russel, who is defendant herein, and died
intestate, leaving no children. The depositary was orally informed of
these facts when it was served by the plaintiff with a warrant of attach-
ment against any and all property of William H. Russel. No other
property is claimed to have been attached by the warrant. Appended
to this warrant was the certificate of the sheriff directing service against
all "estate, real and personal, including money and banknotes, bonds,
promissory notes, and other instruments for the payment of money, as
well as any and all interests in any partnership of the defendant and
of the defendants, and of each of them, as stated in said copy herewith
served upon you, to which copy you are hereby referred for the name
or names of the defendant or defendants whose property is attached
within my county (except articles exempt from execution). * * *
And that all such property, debts, credits, and effects, and all rights and
shares of stock, with all interest and profits thereon, and all dividends
thereon or therefrom of said defendant and of said defendants, and of
each of them, now in your possession or under your control, and those
which may come into your possession or under your control, will be
liable to said warrant of attachment, and are hereby attached by me."
It has been held that the holder of the attached property may rely upon
the certificate of notice for the description of the property attached.
Hayden v. National Bank, 130 N. Y. 146, 29 N. E. 143. The plaintiff,
therefore, must show that the fund above mentioned is comprehended
within the language of the certificate. The fact that the fund was
credited to "Estate of Kate B. Russel, W. H. Russel Administrator,"
and not to defendant personally, seems sufficient to show that the fund
was prima facie the property of the estate and not of the defendant.
The plaintiff contends, however, that the depositary was orally inform-
ed at the time of the attachment of facts sufficient to convince it that
the funds would eventually go entirely to the defendant, and that, there-
fore, the depositary was charged with notice that the fund was really
the defendant's. The failure to specify in the certificate of notice the
individual interest of defendant in the fund credited to the estate might

well be held to be fatal to the plaintiff's contention. Hayden v. National Bank, supra. Such a requirement seems reasonably within the rule which requires that notice be "an act of caution to the individual upon whom it is served, intended and operated solely to prevent his paying the debt or delivering the property to the debtor, and impounding it to answer the judgment." O'Brien v. Merchants' & Traders' Fire Ins. Co., 56 N. Y. 52, 57. The decision, however, may be rested on a broader ground. By the terms of the deposit, moneys could be paid out therefrom only on the order of "Estate of Kate B. Russel, William H. Russel Administrator," countersigned by the National Surety Company, surety for the administrator. The proof that the fund was not attachable against the defendant personally is shown by the obvious proposition that, had the depositary paid out moneys upon the defendant's individual order, the National Surety Company could be subrogated to the rights of any creditors or other parties in interest in the estate, for the purpose of compelling the depositary to make good such payment to the estate. Greentree v. Rosenstock, 61 N. Y. 583. The plaintiff contends, indeed, that the defendant is the only party in interest, and therefore that no such rights against the fund were outstanding. But until the statutory publication for creditors is proved to have been made, no presumption can be indulged that there are no creditors of the estate whose rights would be enforceable against the depositary. The contention that the fund was really the defendant's proceeds upon a misconception of the office of the administrator. Upon the death of Mrs. Russel legal title to the fund doubtless vested in the defendant, subject to the rights of the intestate's creditors. Tompkins v. Rice, 55 Hun, 563, 568, 9 N. Y. Supp. 21. Upon the defendant's appointment as administrator, however, his individual title was ousted. The defendant, as administrator, then had legal title to the fund. The defendant's legal capacity as administrator was separate from his individual capacity. So sharply, indeed, is the capacity of legal representative in administration proceedings separated from other legal capacities that it has been held that an attachment against a fund, held to the credit of the defendant as testamentary trustee, is not a good attachment against the defendant when sued as an executrix under the same will. Belden v. Wilkinson, 33 Misc. Rep. 659, 68 N. Y. Supp. 205. The ground for this separation, it seems, is that a contrary rule would deprive the creditors of the estate of all rights reserved to them by the administration proceedings. Such was the exigency that shaped and finally settled the nature of the administrator's office. Even if it were true in the present case that there were no creditors, the dual capacity of the defendant would not be affected. The office of administrator was created in contemplation of creditors, and was clothed with capacity and immunities appropriate thereto. No authority has been presented for the proposition that these attributes should be denied in those cases where no creditors exist. The fact that, upon the defendant's death, his legal representative would be required to account for the unadministered assets, does not demonstrate the merger of this dual capacity. The same result would follow upon the death of any disinterested party who might be appointed administrator of Mrs. Russel's estate. Code Civ. Proc. § 2606. So long as the account

was credited to the defendant as the administrator, it was, for purposes of attachment, the property of another person quite different from the defendant.

Motion granted.