Thompson v. Thompson.

---

WILLIAM L. THOMPSON *versus* BENJAMIN THOMPSON, JR.

By receiving a second deed of warranty from the same grantor of the same premises, the grantee is not estopped from asserting that his title passed by the first conveyance.

One may fortify an existing title without putting it in jeopardy, if the rights of others are not thereby prejudiced; and by so doing, he cannot originate rights in others.

A stranger to the first deed, having no authority to contest its validity when given, cannot defeat that title by means of the doctrine of estoppel because the grantee has taken a second deed of the same premises.

THIS was a writ of entry. The general issue was pleaded and joined.

To support his suit, the demandant read in evidence a bond given to the Judge of Probate for the county of York, signed by Phineas Ricker, as guardian of the demandant, and by Benjamin Thompson and Joshua Roberts, as sureties, dated

Oct. 20, 1820. Also, a judgment rendered in an action brought in the name of the Judge of Probate, on said bond, against said Benjamin Thompson and Joshua Roberts, at the September Term of this Court, 1837 ; and an execution issued thereon, and the levy upon the demanded premises, as the property of said Benjamin Thompson, on the 4th November, 1837, upon and by virtue of said execution.

The defendant offered in evidence, a deed from Benjamin Thompson to the defendant, his son, dated June 15, 1820, and acknowledged March 4, 1836, subsequent to the commencement of the suit before mentioned, against Ricker and his sureties, and proved by the attesting witness the execution of the deed at its date ; and that at the time of its acknowledgement, the defendant and Benjamin Thompson were present before the attesting magistrate ; that the defendant took the deed out of his pocket, handed it to the magistrate, and took it back after its acknowledgement.

The tenant then offered a copy of a bond from himself to Benjamin Thompson, dated Nov. 14, 1820, acknowledged Nov. 15, 1820, recorded Dec. 12, 1820 ; also a deed from Benj. Thompson to the defendant, of the same date, acknowledged Nov. 15, 1820, and recorded Dec. 12, 1820, conveying the same premises included in the deed of June 15, 1820, from said Benjamin Thompson to the tenant, and two acres in addition. The only consideration for either of these deeds, were certain bonds executed at the date of the respective deeds.

There was evidence introduced, tending to impeach the conveyance of Nov. 15, 1820, as void, as to the plaintiff, whose rights, as a creditor, accrued Oct. 20, 1820.

The counsel for the demandant, contended, that the deed of June 15, 1820, was not executed and delivered to the tenant, and that from all the evidence in the case, the jury would be justified in so believing, and requested the Court to instruct the jury as follows : — 1. That the tenant was estopped by the deed to him of Nov. 14, 1820, and the bond from him to Benjamin Thompson, sen., of the same date, to deny the seizin of the latter at that time. 2. That if the jury found that the

deed of June 15, 1820, was delivered at that time, but was afterwards cancelled or abandoned, and the deed of Nov. 14, 1820, was made and executed to consummate the arrangement of the parties as agreed upon, then the plaintiff had a right to recover.

But EMERY J., who tried the cause, instructed the jury, that if, from the evidence, they were satisfied that the reason for taking the second conveyance, was for the purpose of carrying into effect the agreement of the parties, as to the two acres, and that it was fairly and honestly done, without any fraudulent intent, the taking of the second deed would not estop the defendant from setting up his claim under the deed of June 15, 1820.

But that if they were satisfied that the said deed of June 15, 1820, was intentionally cancelled and abandoned by the parties, the said deed of Nov. 14, 1820, might be considered as estopping the tenant from denying the seizin of Benjamin Thompson, sen., at that time.

If these instructions were erroneous, or if the requested instructions should have been given, the verdict, which was in favor of the tenant, is to be set aside, and a new trial granted; otherwise, judgment is to be entered on the verdict.

*Fairfield*, for the demandant.  The plaintiff's right arises under and by virtue of the bond given by Roberts, Oct. 20, 1820, as his guardian.  The deeds under which the tenant claims, are voluntary; but the latter only was made after his rights, as a creditor, accrued.  The tenant, taking a deed with covenants of seizin, Nov. 14, 1820, is estopped thereby to assert any claim under the prior deed of June.  Estoppels are only odious when misapplied.  *Adams v. Cuddy*, 13 Pick. 460.

The tenant, giving a bond and taking a deed, with the usual covenants, is estopped to deny that any thing passed by such deed.  *Nason v. Allen*, 6 Greenl. 243; *Kimball v. Kimball*, 2 Greenl. 226; *Fairbanks v, Williamson*, 7 Greenl. 96; *Hains v. Gardner*, 1 Fairf. 383; *Smith v. Ingalls*, 13 Maine R. 285; *Ham v. Ham*, 14 Maine R. 351.  The cases cited

Thompson *v.* Thompson.

refer mostly to questions of dower, but the principle on which they were decided, applies equally to the case at bar.

The second requested instruction should have been given. If the first deed was cancelled, and the fact that it was neither acknowledged nor recorded till after the attachment in the suit against the grantor, as surety of Roberts, tends to prove that the tenant did not claim under it, then the question of estoppel became immaterial. Hence, the second requested instruction was important, without reference to the question of estoppels; as, if the first deed were cancelled, then the plaintiff would have been permitted to contest the fairness of the second.

*J. Shepley & Howard,* for tenant. The jury have found that the title to the demanded premises passed to the tenant by the deed of June 15, 1820, and that the object of giving the second was to carry into effect an agreement as to the two acres. 1 Maine Laws, c. 36, § 1; *Smith* v. *Ingalls,* 13 Maine R. 284; *Marshall* v. *Fisk,* 6 Mass. R. 24; *Sewall* v. *Lee,* 9 Mass. R. 370; *Barrett* v. *Thorndike,* 1 Greenl. 73; *Commonwealth* v. *Dudley,* 10 Mass. R. 403.

There is no evidence that the title acquired by the deed of June ever vested in the grantor. The grantee is not estopped to deny the title of his grantor. The grantee may fortify his title by a purchase. *Small* v. *Procter,* 15 Mass. R. 499; *Somes* v. *Skinner,* 16 Mass. R. 357; *Johnson* v. *McIntosh,* 7 Wheat. 535. The law considers estoppels odious — dark windows, shutting out the light. *Carver* v. *Astor,* 4 Pet. 83; *Crane* v. *Morris & al.* 6 Pet. 611; Co. Lit. 352, a, b; *Terrett* v. *Taylor,* 9 Cranch, 43. The grantor is estopped by the first deed — not the grantee. The covenants contained in the deed of Nov. 14, 1820, apply only to the two acres. Where there is any thing for the covenant to operate upon, the doctrine of estoppel does not apply. *Jackson & al.* v. *Hoffman,* 9 Cow. 273. If this deed covered the same property, it would only enure to support the first deed, and be subsidiary thereto. *Jackson* v. *Murray,* 12 Johns. 201; *Jackson* v. *Stevens,* 13 Johns. 316. The tenant is not estopped by accepting a deed of his own land.

Thompson *v.* Thompson.

The question presented is whether the tenant by accepting a second deed lost the title acquired by his first. The title passing by the first deed, the second was in effect but a deed of release. *Fletcher* v. *Willard*, 14 Pick. 464.

The claim of the plaintiff is inconsistent. He would consider the covenants of the deed of Nov. 15, valid by way of estoppel — to disprove the fact that any title passed by the first deed. But valid, to that effect, he wishes it to be considered fraudulent so that nothing may thereby pass, making the deed valid as to one covenant — yet invalid in its effect to pass any title — good and bad at the same time.

The opinion of the Court was delivered by

Tenney J. — Both parties claim under Benjamin Thompson, sen. The demandant by virtue of a levy of an execution issued upon a judgment in a suit, the basis of which was a bond to the Judge of Probate, executed by Benjamin Thompson, sen. and another as the sureties of one Ricker, the guardian of the demandant, dated Oct. 2, 1820; and the defendant by deeds dated June 15, and Nov. 14, 1820, both of the same land, excepting that the one of Nov. 14, embraced two acres more than the other, and both containing covenants of seizin and warranty. It is contended by the demandant, that the latter deed is an estoppel upon the defendant to say that he was seized previously to the date thereof, and that the demandant is allowed as a creditor at that time to impeach the same deed as fraudulent against him, being a creditor by virtue of a bond.

It is well settled that a party shall not be allowed to deny a fact, clearly stated in his deed — and also that he shall not be permitted to prove he had no title to land by virtue of a deed, under which he holds, when it contains a covenant or recital inconsistent with the proof offered. In cases of dower, the latter principle has been applied: the tenant has been estopped to deny the seizin of the demandant's husband, when he has taken a deed from him containing a covenant of seizin, and when it appears he has relied upon that title. But in

a claim for dower, it is not required to show a perfect title in the husband, seizin only being necessary. The same principle has extended to other cases. One has not been allowed to set up a title, derived from another previous to his own agreement to purchase of that other's grantee, if the conveyance should be made to such grantee. *Sales* v. *Smith,* 12 Wendell, 57.

But denying and repudiating a title under which one holds, or refusing to be bound by a contract to hold under another made solemnly and with full understanding of all the circumstances, where rights have been acquired by others, by reason of such contract, is different from his supporting that title, and complying with his contract by other means, not inconsistent therewith. One may fortify an existing title, without putting it in jeopardy, if he do not prejudice the interests of others ; and doing so, cannot originate rights in strangers, where there was nothing before on which they could rest. Claiming under one conveyance, and denying effect to another, where he has entered and enjoyed under the latter, is widely distinguished, from his claiming under two conveyances from the same grantor. In 4 Peters, 83, the Court say, " It is laid down, that recitals of one deed in another bind parties. Technically, it operates as an estoppel, binding parties and privies, &c. It does not bind strangers, or those claiming by a title paramount to the deed ; it does not bind persons, claiming by an adverse title, or persons claiming from the parties by title anterior to the reciting deed." " The grantee may be permitted to show that the grantor was not seized as is every day allowed in actions of covenant." *Small* v. *Procter,* 15 Mass. R. 495. " It is generally competent for the vendee to deny and disprove the seizin of the vendor." *Ham* v. *Ham,* 2 Shep. 351. Covenants of seizin in this respect differ from covenants of warranty, the former do not prevent the grantor from setting up an after acquired paramount title in himself. *Allen* v. *Sayward,* 5 Greenl. 227. Otherwise in covenants of warranty, 12 Johns. 201 ; 13 Johns. 316. One is not estopped by accepting a deed of his own land, for this does not deny

Thompson *v.* Thompson.

his former title, but may be done to silence adverse claims and to purchase his own quiet; "and every estoppel ought to be a precise affirmation of that which maketh the estoppel." Co. Litt. 52 a. "One is not estopped when the thing is consistent with the record." Com. Dig. (E. 3.) "If any interest pass, there shall be no estoppel." Com. Dig. (a. 1,) (B.) (E. 2,) (E. 4,) (E. 8;) Co. Litt. 352 a., 45 a. It is a general rule, that when there is any thing for the warranty to operate upon, the doctrine of estoppel will not apply. *Jackson & al.* v. *Hoffman,* 9 Cowen, 271.

In the case at bar, the jury have found by their verdict, the question being submitted to them without objection, that the deed of June 15, was executed and delivered at the time it was dated — that passed all the grantor's title, and none was remaining in him, when he executed the probate bond, which is the origin and basis of the demandant's claim. The defendant does not repudiate his deed of Nov. 14, but holds two acres by that alone, on which all the covenants therein must operate. Receiving this deed, interfered with no existing rights, is not and could not be a cause of complaint with any one; so far from it the demandant resorts to it as the foundation of his title to the land therein described. It gave no rights inconsistent with those established by the deed of June 15, so far as it embraced the same land, nor did it take away any; so far, it in no respect changed the relation of the parties. A stranger to the first deed, having on no principle, any authority to contest its validity, until after the title had wholly passed from the grantor, seeks to avail himself of a doctrine, which being denied him, takes away no interest, which in any manner had previously attached.

It is not perceived that the demandant is in any better situation than he would have been, if he had taken Benjamin Thompson, senior's, deed under his own seal after the conveyance of June 15, and before that of Nov. 14, having notice of the first deed. Such a deed as is supposed, to the demandant, would confer no rights till after the second deed to the defendant, and then the former could succeed to none, which his

supposed grantor would not have possessed, so far as they relate to the seizin previous to Nov. 14. If the defendant is estopped to deny the seizin of his grantor previous to the deed of Nov. 14, in consequence of taking it, that estoppel could not operate to the advantage of the demandant any more than it would to that of the one whose interest he claims. Could the grantor say, after the 14th of November, that the defendant was precluded from saying the seizin was in himself after June 15th? If he should claim the benefit of this principle, would it not be an answer to him, that his deed of June 15th was an equal estoppel, to shut his mouth? "Estoppel against estoppel doth put the matter at large." Co. Litt. 252 b. One cannot maintain an action on a covenant of seizin by showing the seizin in himself; "the covenant of seizin extends only to guaranty the bargainee against any title existing in a third person, and which might defeat the estate granted." *Fitch* v. *Baldwin*, 17 Johns. 161. One cannot allege seizin in himself after he has, by his own deed, parted with it. "It would be contrary to the established principles, that a grantor cannot by his own actions or declarations defeat a deed, which he has before made to one, who is claiming and holding under him." *Barrett* v. *Thorndike*, 1 Greenl. 79. "It would seem to be unjust, and contrary to the intent of the grantee, to affect his rights by his acceptance of a deed beyond the rights and interests which should actually pass by it." *Flagg* v. *Mann*, 14 Pick. 482.

The error of the presiding Judge, complained of, was, in submitting to the jury the question in his instructions, whether the reason for taking the conveyance of Nov. 14, was for the purpose of carrying into effect the agreement as to the two additional acres, and whether that was honestly and fairly done without any fraudulent intent. They have answered in the affirmative by their general verdict, and we do not find, that the doctrine of estoppel has been applied in any case analogous to the present; and as the question of intention in executing a deed or release, has been considered by the Courts to be one for the jury, and not for them, where it would seem to be for

the determination of the latter, with as much propriety as the one arising in this case, we do not feel authorized or required to extend the principle to suits not clearly within its legitimate operation. *Fox & al.* v. *Widgery*, 4 Greenl. 214.

On another ground, we think this verdict can be well sustained. The demandant's title rests upon the assumption, that the deed to the defendant, of Nov. 14, was fraudulent as against him, and therefore void. If not fraudulent against him, he cannot contest its operation to convey the land to the defendant. Can he say that the deed which is void against him, admits him by its recitals and covenants to hold land in opposition to what is the truth? Shall he say, the covenants of seizin allow him to come in, and when in, to deny the whole effect of that same covenant of seizin? Is it for him, in this manner, to silence the voice, which honestly and fairly proclaims the title in the defendant? If he attempts to hold, solely, by showing a deed to be fraudulent, does not the very doctrine, which he invokes in his support, dislodge him from such a position? Shall he say, a deed void entirely as against him, contains in it, that without which he has no pretence of title? He cannot be permitted to defeat the deed for one purpose, and set it up for another. *Crosby* v. *Chase*, 5 Shep. 369. In any view, which we are able to take of the case, we see nothing which leads us to doubt that the verdict was properly returned for the defendant.

*Judgment on the verdict.*