St. John *et al. v.* Hendrickson.

No. 9207.

## St. John et al. v. Hendrickson.

Contract.—*Statute of Frauds.*—*False Representations.*—*Partnership.*—An oral
representation by persons in partnership, falsely and fraudulently made,
that each of them had $800 invested in the business, whereby another
was induced to invest that sum, and become a member of the copart-
nership, whereas none of them had any sum so invested, is not within
the statute of frauds, sec. 4909, R. S. 1881. Such a representation is one
concerning the credit or solvency of another.

Same.—*Fraud.*—*Ratification.*—*Rescission.*—*Damages.*—Where one is induced
by fraud, in the form of false representations, to enter into a contract, and
afterwards, upon obtaining full knowledge of the fraud practiced upon
him, and of all material facts, declines to repudiate it, and expressly
ratifies it, he can neither rescind nor maintain an action for damages.

From the Decatur Circuit Court.

*W. H. Mathews* and *J. Q. Donnell,* for appellants.

*S. B. Edwards, W. A. Moore* and *B. F. Bennett,* for appellee.

Elliott, J.—By sifting the complaint of the appellee,
and leaving out of consideration the mere matters of induce-
ment and redundancy, we have the following material allega-
tions: That the appellants were partners doing business under
the style of "The Lone Tree Medicine Company;" that, to in-
duce the appellee to invest in said partnership eight hundred
dollars, they falsely represented to him that they each had in-
vested therein the sum of eight hundred dollars, except St.
John, whose skill in compounding the remedies which were
manufactured and sold by the Medicine Company was esti-
mated at that sum; that if the appellee would invest the sum
named then the capital would be thirty-two hundred dollars;
that the company was doing a large and profitable business;
that the appellants conspired together for the purpose of de-
frauding him; that the representations were false, and were
known to the appellants to be so; that the appellants had not
invested the sum represented, but had invested and afterward
withdrawn a sum not exceeding fifty dollars each; that ap-
pellee had no means of knowing whether the representations

were true; that he relied on them and was induced to invest the sum of eight hundred dollars. The appellants answered in several paragraphs, the fourth of which, following the order of discussion adopted by counsel, and which is, perhaps, the most convenient one, first demands consideration. That paragraph is substantially as follows: That the defendants were members of a copartnership under the name of "The Lone Tree Medicine Company," and that the representations which the plaintiff alleges to have been made were made in reference to, and concerning the conduct, character, credit and ability, trade and dealings of The Lone Tree Medicine Company, and that the representations were made orally. A demurrer to this paragraph was sustained, and appellants insist that this was error.

We shall confine our investigation and decision to the point discussed by counsel, and neither consider nor decide any other. The contention is, that there can be no recovery, for the reason that the representations were not in writing, and were made concerning the conduct, credit, ability, trade and dealings of persons other than the appellants. This position is rested upon the 6th section of the statute of frauds, which reads thus: "No action shall be maintained, to charge any person by reason of any representation made concerning the character, conduct, credit, ability, trade, or dealings of any other person, unless such representation be made in writing, and signed by the party to be charged thereby, or by some person thereunto by him legally authorized.".

Authorities are cited to prove that representations, made by a partner concerning a firm of which he is a member, are within the statute, and no action can be maintained against him. *Devaux* v. *Steinkeller,* 6 Bing. N. C. 84; Benjamin Sales, section 446; Addison Contracts, 832.

We do not feel called upon to decide whether the statute does or does not apply to the case of a partner making representations concerning the credit or ability of his firm. The representations in this case are not to that effect, for they re-

fer to the actual investment made by each of the partners. They declare a substantive fact, distinct from the credit or ability of the firm, and they were not made to induce a person to give credit to the firm, but to induce him to become a member of it. The representations are not within the letter or the spirit of the statute, for they were not made for the purpose of giving the firm credit with the appellee. There was no error in the ruling upon the demurrer to the fourth paragraph of the answer.

It is alleged in the second paragraph of the answer, that after the appellee had been fully informed of the condition of The Lone Tree Medicine Company, and had obtained full knowledge of the amount each of the partners had paid into the partnership, and of all the property and business of the company, the appellants offered to release him from said partnership, and to place him in the same situation that he occupied prior to investing his money in said firm; that the appellee repaid to appellants the money they returned to him at the time they offered to release him from his connection with said firm, and elected to remain a member thereof, did remain a member, and afterwards purchased the interest of two of the members of the firm, and has since assisted in conducting its business. A demurrer was sustained to this answer.

It is undoubtedly the law, that there may be a waiver of a right to recover damages for loss resulting from false and fraudulent representations by an express affirmance. It is essential to such a waiver, that the party should possess full knowledge of the fraud practiced upon him; that he should intend to confirm the contract and abandon all right to recover for the loss resulting from the fraud. Cooley thus states the rule: "The fraud may also be waived by an express affirmance of the contract. Where an affirmance is relied upon it should appear that the party having a right to complain of the fraud had freely, and with a full knowledge of his rights, in some form, clearly manifested his intention to abide by the contract, and waive any remedy he might have had for the

deception." Cooley Torts, 505. This is the rule sanctioned and enforced by the decisions of this court. In *Doherty* v. *Bell,* 55 Ind. 205, there is an explicit recognition of this rule. It was there said by NIBLACK, J., speaking for the court: "If the appellee, with full knowledge of all the facts, as we think it fair to presume, from the allegations in the reply, it was intended to charge he had, and after the appellants became the owners of it, agreed to pay the note, provided a certain extension of time was allowed him, and in consideration thereof, such an extension was given him, we must regard him as having ratified the execution of the note, and as having waived whatever objection or defence he may have had to the manner of its execution. We do not hold that any new contract was created thereby, but that the old one was in that way recognized and ratified." Substantially, the same doctrine was declared long before, in *McQueen* v. *The State Bank,* 2 Ind. 413.

We fully recognize and approve the rule that a party may retain what he received, stand to his bargain, and recover for the loss caused him by the fraud. We do not mean to run counter to this rule. We neither hold nor mean to hold, that affirmance by retention of the thing bargained for cuts off an action for damages. We do hold that, where a party with full knowledge of all the material facts does an act which indicates his intention to stand to the contract and waive all right of action for the fraud, he can not maintain an action for the original wrong practiced upon him. Where the affirmance of the contract is equivalent to a ratification, all right of action is gone. Bigelow Fraud, 184. It is only equivalent to a ratification when made with full knowledge of the fraud and of all material facts, and with the intention of abiding by the contract, and waiving all right to recover for the deception.

Nor are we unmindful of the settled rule that a defrauded party has an election of remedies. We heartily approve the rule that he may elect either to rescind the contract or to

stand by his bargain and sue for damages resulting from the fraud practiced upon him. *Love* v. *Oldham,* 22 Ind. 51 ; 2 Kent Com. 664 (10th ed). We decide nothing that conflicts with this settled rule. We do decide that where a party with full knowledge declines to repudiate a transaction known to him to be fraudulent, and fully and expressly ratifies it, he can neither rescind nor maintain an action for damages.

The second paragraph of the answer shows an express ratification, with a clear intention to abide by the contract, after full knowledge of all the facts, and is good.

Judgment reversed.