## FRANKLIN MOTOR CAR COMPANY *v.* HILKERT.

[No. 12,010.   Filed February 27, 1925.]

1. FRAUD.—*Damages for fraud may be waived by the party defrauded.*—One who has been defrauded by another may waive the right to damages therefor.   p. 516.

2. FRAUD.—*Damages for fraud in sale of automobile waived by accepting a material modification of contract of sale after discovery of fraud.*—One who purchased a secondhand automobile on a conditional sale contract whereby the title thereto remained in the vendor until fully paid for, after discovering that it was manufactured in 1915 instead of 1917 as represented, and, within a few weeks after the purchase, was compelled to expend more than $250 for repairs, agreed to a modification of the contract whereby he secured absolute title to the car, mortgaged it as his own, and applied the proceeds of the loan to the payment of the balance due for the car and received credit for the repair bills on amount he owed the seller, cannot recover damages for the fraud, for the reason that the fraud was waived by the supplemental contract.   p. 518.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Thomas F. Hilkert against the Franklin Motor Car Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*G. A. Farabaugh* and *Walter R. Arnold,* for appellant.

*Parker, Crabill, Crumpacker & May* and *W. S. Carlisle,* for appellee.

REMY, J.—On August 4, 1920, appellee purchased of appellant a used automobile, title to remain in appellant until purchase price of $2,000 was fully paid.  Pursuant to the agreement, the automobile was delivered to appellee who, in consideration, paid $350 cash, turned over to appellant two used automobiles at an agreed valuation of $750, and gave his two promissory notes, one for $400, and one for $500, due respectively four

and six months after date. The automobile purchased proved to be out of repair, and within a few weeks after its delivery, appellee was compelled to expend more than $250 for repairs. While the repairs were being made, appellee discovered that the car was manufactured in 1915, and not in 1917 as stipulated in the sale contract. Neither of the two promissory notes given by appellee was paid at maturity, appellee having refused to pay the same because the automobile was not as represented; and on March 4, 1921, it was agreed between the parties that the original contract be modified in this, that the title to the automobile be at once transferred to appellee, and that the two notes which were past due be taken up in the following manner: First, appellee was to have a credit on the notes for an amount equal to the sum of money he had paid out for repairs, and that the balance due on the notes, less the repair bills, which balance was $686.40, was to be paid appellant from the proceeds of a loan procured by appellee, who would secure the loan by a mortgage on the automobile. In accordance with this arrangement, appellee applied to, and was granted a loan of $686.40 by, a loan agency, and with this money and the credit given for the repair bills, appellee took up the past due notes. The money borrowed of the loan agency was secured by a mortgage on the automobile, and was made payable in ten equal monthly instalments. Following the supplemental agreement, eight of the monthly payments were made to the loan company.

On February 6, 1922, which was a little more than eighteen months after the original contract was entered into by the parties, appellee commenced this action against appellant. The action is for damages alleged to have been suffered by appellee because of appellant's misrepresentations as to the age and condition of the automobile. The complaint is predicated

upon the original agreement of August 4, 1920; no reference is made in the complaint to the modification which was made by the parties on March 4, 1921.

To the complaint, appellant filed an answer in three paragraphs: (1) Denial; (2) compromise and settlement; and (3) novation.

On the trial, the evidence without conflict showed the above facts. Conflicting testimony was as to matters not material to a decision of the question involved in this appeal. There was verdict and judgment for appellee.

It is urged by appellant that appellee, by joining in the supplemental agreement of March 4, 1921, waived any right of action he may have had because of appellant's fraud in procuring the original contract of August 4, 1920. We concur in this view.

It appears from the evidence that very soon after appellee purchased the automobile, he learned that it was not manufactured in 1917, but in 1915. He also discovered that it was greatly in need of repairs, and not as represented. In fact, the condition of the car was such that the necessary repairs before the two notes given in payment fell due cost him more than $250. When he made the supplemental contract, on March 4, 1921, he was fully informed as to the fraud, if any, that had been perpetrated by appellant when he entered into the original contract. Nevertheless, with this knowledge, he agreed to the new arrangement by which he took absolute title to the car, mortgaged the same as his own, and accepted credit on the amount he owed appellant under the original contract, for the repair bills he had previously paid. Not only that, but he proceeded under the modified contract for some time before this action was begun.

In this State, the law is settled that a party who suffers injury by the fraud of another may waive the right

to damages. *Nysewander* v. *Lowman* (1890), 124 Ind. 584, 24 N. E. 355. The exact question here presented has not been decided by the courts of appeal of this State, but has many times been under consideration by the courts of other jurisdictions. A leading case is *Burne* v. *Lee* (1909), 156 Cal. 221, 104 Pac. 438, in which the Supreme Court of California states the law to be: "Now, it is well settled that when a party has been induced by fraud to enter into a contract, he may elect either to rescind the contract by restoring whatever he has received under it, or he may affirm the contract, retaining whatever advantage he may have acquired, and still have his action for damages for deceit practiced upon him in making the contract. This rule is, however, subject to limitations which apply whether the contract, to which the charge of fraud is addressed, is an executed or executory contract. One of these limitations is that when a party claiming to have been defrauded, enters, after discovery of the fraud, into new arrangements or engagements concerning the subject-matter of the contract to which the fraud applies, he is deemed to have waived any claim for damages on account of the fraud."

In another California case, *Schmidt* v. *Mesmer* (1897), 116 Cal. 267, 48 Pac. 54, the court held: "* * * But this rule, which relieves a party when he chooses to sue for damages from many of the acts required of him when he elects to rescind, is subject to some just limitations. If, after his knowledge of what he claims to have been the fraud, he elects not to rescind, but to adopt the contract and sue for damages, he must stand toward the other party at arm's length; he must on his part comply with the terms of the contract; he must not ask favors of the other party, or offer to perform the contract on conditions which he has no right to exact, and must not make any new

agreement or engagement respecting it; otherwise he waives the alleged fraud."

In the case of *Brown* v. *St. Joplin Lead, etc., Co.* (1910), 231 Mo. 166, 132 S. W. 693, 140 Am. St. 509, it is held, that where a party to a mining lease, with knowledge that a fraud had been practiced upon him by the other party thereto, entered into a supplemental contract reducing the amount of the royalty, and making other changes in the original lease, it constituted a waiver of any right to recover for fraud. The Supreme Court of Kentucky, in *Summers* v. *Carpenter* (1913), 156 Ky. 337, 160 S. W. 1064, held that where the purchaser of property, with full knowledge of fraud practiced upon him by the seller, executes a note for the balance due on the purchase price, and for money subsequently advanced by the seller, he cannot thereafter recover damages for the fraud. The Supreme Court of Idaho, in a well-considered opinion (*Tipton* v. *Ellsworth* [1910], 18 Idaho 207, 109 Pac. 134), held, that where the purchasers of land, with knowledge that the vendor had made misrepresentations with regard to the land, induced the seller to waive the contract of purchase and deliver a deed for the premises, taking back a mortgage for the purchase price upon different terms than those provided in the original contract, there was a waiver of the fraud. See, also, *St. John* v. *Hendrickson* (1882), 81 Ind. 350; *Doherty* v. *Bell* (1876), 55 Ind. 205; *Edwards* v. *Roberts* (1846), 15 Miss. (7 Smedes & M.) 544; *People* v. *Stephens* (1878), 71 N. Y. 527; *Craig* v. *Bradley* (1873), 26 Mich. 353, 369; *Schagun* v. *Scott Mfg. Co.* (1908), 162 Fed. 209, 89 C. C. A. 189; *Fitzpatrick* v. *Flannagan* (1882), 106 U. S. 648, 1 Sup. Ct. 369, 27 L. Ed. 211.

We hold that appellee, by joining in the supplemental agreement, after he had discovered the fraud of which he complains, thereby manifested a clear intention of

abiding by the original contract, except as its
2. terms had been modified by the new arrangement, and waived all right to recover for the fraud. It follows that the refusal to direct the verdict for appellant was error.

Reversed.