[redacted]

[redacted]

## ATKINSON v. ATKINSON.

No. 9488.

Circuit Court of Appeals, Seventh Circuit.

May 7, 1948.

[redacted]

[redacted]

[redacted]

Franklin D. Trueblood, of Chicago, Ill., for appellant.

Jacob S. White and Edward B. Raub, Jr., both of Indianapolis, Ind., and Philip B. O'Neil, of Anderson, Ind. (Pence, O'Neill & Diven, of Anderson, Ind., and White, Wright, Raub & Forrey, of Indianapolis, Ind., of counsel), for appellees.

Before KERNER and MINTON, Circuit Judges, and DUFFY, District Judge.

MINTON, Circuit Judge.

On October 10, 1945, George K. Atkinson filed a complaint in the District Court of the United States for the Southern District of Indiana against his wife, Gladys M. Atkinson, and Charles R. Atkinson and his wife Jane Atkinson to quiet title to certain real estate in Madison County, Indiana. Jurisdiction was based upon diversity of citizenship. Charles R. Atkinson was a son of Gladys by a former marriage, and he had taken the plaintiff's name. The plaintiff alleged that the real estate in question was owned originally by Mrs. Verne McWhorter, who was the mother of his wife Gladys; that Mrs. McWhorter had conveyed the real estate, which was residential property in Anderson, Indiana, to the plaintiff and his wife Gladys in consideration of the plaintiff's advancing some $16,000 for the remodeling of the house and supervising the remodeling thereof; that his wife thereafter induced him to sign a deed conveying the property back to Mrs. McWhorter so that she in turn could convey it to George K. Atkinson and Gladys M. Atkinson as joint tenants for life, with remainder to Charles R. Atkinson, the deeds to be delivered only upon a contingency that never happened; that Gladys his wife, in violation of said agreement, caused the deeds to be delivered. The plaintiff prayed for the cancellation of these deeds, which he alleged were wrongfully delivered, and prayed that the title of George K. Atkinson and Gladys M. Atkinson to the property be quieted.

To this complaint Gladys filed an answer and a counterclaim; to said counterclaim the plaintiff filed a motion to dismiss, challenging its sufficiency. Charles filed an answer to the complaint and a counterclaim.

The plaintiff did not challenge the sufficiency of the counterclaim of Charles but filed an answer in which he substantially denied the allegations of that counterclaim. With the separate counterclaims of Charles and Gladys pending, the plaintiff dismissed his complaint, leaving the counterclaim of Gladys pending with a motion to dismiss for insufficiency addressed to it, and the counterclaim of Charles with an answer pending against it. The court subsequently overruled the motion to dismiss the counterclaim of Gladys. The plaintiff filed a written declination to plead further as to the counterclaim of Gladys and the court set for trial the counterclaim of Gladys, unanswered, and the counterclaim of Charles, answered. The plaintiff declined to participate further in the proceedings, and the court heard the matter and entered findings of fact and stated its conclusions of law thereon and gave judgment for both counterclaimants. From this judgment the plaintiff has appealed.

First, as to the sufficiency of the counterclaim of Gladys against the plaintiff, George. She alleged among other things therein that prior to her marriage to the plaintiff on December 4, 1937, she had been the owner in her own name of certain specified lots in the city of Anderson, Indiana, and that her mother Mrs. McWhorter had been the owner of certain real estate in said city, which was the same real estate described in the plaintiff's complaint and concerning which, the plaintiff had sought relief. This latter property will be hereinafter referred to as Lot 24. She also alleged that she and Mrs. McWhorter were induced after her marriage to the plaintiff to convey their respective real estate to George and Gladys M. Atkinson, husband and wife, by representations made to them by the plaintiff concerning his age, his lucrative employment and great wealth and his ability to provide Gladys with ease and comfort, and that she would not have to work, as she had been accustomed to do; that they relied upon these representations, which were false; that Gladys conveyed her lots to a trustee, who in turn conveyed them back to George and Gladys as tenants by entirety, and Mrs. McWhorter had conveyed her property to the plaintiff and Gladys as tenants by entirety.

Gladys alleged further that thereafter she was able to induce George to join her in executing a deed conveying Lot 24 back to Mrs. McWhorter, who in turn conveyed the property to George and Gladys as joint tenants for life, with remainder to Charles R. Atkinson. This deed is not alleged to have been made pursuant to the fraudulent inducements of George, but by the inducements of Gladys. Gladys prayed that the deeds whereby she conveyed her separate real estate to herself and George Atkinson as tenants by entirety be cancelled and set aside and her title thereto quieted, and that the title to her mother's Lot 24 be quieted in Gladys' son Charles R. Atkinson.

On the trial, this counterclaim had no issue tendered upon it and it must be taken as confessed, and the material allegations thereof accepted as true. Federal Rules of Civil Procedure, rule 8(d), 28 U.S.C.A. following section 723c. The allegation that the plaintiff falsely represented that he was a man of great wealth when he was not alleges the representation of a present existing fact, and the further allegations that Gladys relied thereon and believed said representations to be true and conveyed an interest in her separately owned lots to the plaintiff when said representations were false and made for the purpose of acquiring her property are sufficient allegations to constitute fraud. Since these allegations were sufficient to entitle the cross-complainant Gladys to some relief as to her separate property, the court did not err in overruling the motion of the plaintiff to dismiss the counterclaim of Gladys. Levi et al. v. Kraminer et al., 2 Ind.App. 594, 28 N.E. 1028; Daniel et al. v. Board of Trade of City of Chicago et al., 7 Cir., 164 F.2d 815; Kohler et al. v. Jacobs et al., 5 Cir., 138 F.2d 440.

The allegations are sufficient to sustain the court's findings of fraud practiced upon Gladys by the plaintiff whereby he obtained an interest in her separate property, and the findings support the court's conclusions of law and judgment that because of the plaintiff's fraud Gladys was entitled to have the title to her separate

property quieted as against the claim of the plaintiff.

As to the allegations of the counterclaim of Gladys concerning the real estate of Mrs. McWhorter in which Gladys claims a life estate with remainder to her son Charles, this estate is derived through a deed from George and Gladys to Mrs. McWhorter, who in turn conveyed back a life estate to George and Gladys as joint tenants with remainder to Charles R. Atkinson. These deeds were not made pursuant to any fraudulent inducements of George but were made because of the inducements of Gladys, as she alleges in her counterclaim, and were so induced after Gladys had discovered the alleged fraud of George which had induced Mrs. McWhorter to execute the first deed to her property to George and Gladys, as alleged in the cross-complaint of Gladys. Therefore, the court's finding that the life estate of George and Gladys in Lot 24 conveyed by Mrs. McWhorter was induced "by the false and fraudulent representations of George K. Atkinson that he would spend his money and services in remodeling the house" etc., is contrary to the evidence and to the court's other findings.

The court found that George and Gladys moved to Washington, in 1941 and left Charles in charge of the apartment house. This apartment house was the result of the improvements and remodeling of the former residence of Mrs. McWhorter located on Lot 24. Therefore, neither Gladys nor Mrs. McWhorter could have been induced to make the deeds herein complained of because of the fraudulent representations of George that he would "spend his money and services in remodeling the house into income producing apartments" because all the improvements had been made before George and Gladys moved to Washington in 1941, and the deeds complained of were not executed until April 1942. Obviously, both Gladys and Mrs. McWhorter knew that George's representations that he would finance and supervise the remodeling of Mrs. McWhorter's residence into an apartment were false because for more than a year that job had been completed, and Gladys alleged and testified that she had borne the burden thereof, financially and otherwise. If Mrs. McWhorter was de-frauded, we do not see how Gladys can take advantage of that. Mrs. McWhorter was not a party to any proceeding and may be well satisfied with the status of the title as it now is, for aught that appears on this record.

Moreover, if there ever was any fraud here of which Gladys could have complained, she is estopped to complain now by reason of the deed she induced George to execute with her to Mrs. McWhorter. This transaction operates as a waiver or ratification of the alleged fraud. St. John et al. v. Hendrickson, 81 Ind. 350; Franklin Motor Car Company v. Hilkert, 82 Ind.App. 513, 146 N.E. 825. And finally, Gladys cannot be permitted to attack the validity of the deed under which she claims an interest in the property and have her interest and that of Charles confirmed and the interest of her husband George, derived from the same deed, thrown out. She cannot confirm the deed as to herself and Charles and at the same time refuse to confirm the deed as to her husband. A person cannot claim under an instrument without confirming it. He must found his claim on the whole and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it. Gibson v. Lyon & Others, 115 U.S. 439, 448, 6 S.Ct. 129, 29 L.Ed. 440; Jacobs v. Miller, 50 Mich. 119, 15 N.W. 42.

As to the counterclaim of Charles, its sufficiency was not challenged. An answer in denial was filed. We shall assume for the sake of this opinion that the counterclaim of Charles was good. The court found that George and Gladys conveyed Lot 24 to Mrs. McWhorter, and she in turn conveyed it back to them for life and with remainder to Charles "in order to encourage his interest in its management." The court does not find, and there is no evidence to support a finding, that any fraud was perpetrated on Charles. As we have pointed out, Gladys arranged for these deeds of 1942, and it seems clear that Gladys and Mrs. McWhorter were not defrauded into executing them. Certain it is that Charles was not defrauded. More-over, from the second of these deeds

Charles claims the fee in remainder. That deed is also the deed under which George claims a life estate with his wife Gladys. Since Charles claims under that deed, he must confirm it in its entirety. Gibson v. Lyon & Others, supra; Jacobs v. Miller, supra. He cannot attack it piecemeal. And even if there were fraud as to Mrs. McWhorter and Gladys, which we do not admit, we fail to see how Charles could take advantage of that. He could not in his counterclaim redress a wrong, if there were any, as to third parties, especially when neither of the third parties is a party to this counterclaim. In fact, as far as Mrs. McWhorter is concerned, she is not a party to any proceeding herein. She is complaining of no fraud and Gladys and Charles cannot complain of any fraud that may have been perpetrated upon Mrs. McWhorter.

The District Court's judgment quieting title to the separate property of Gladys M. Atkinson is affirmed. So much of that judgment as quiets title to Gladys M. Atkinson for life in Lot 24 and to Charles R. Atkinson for the fee in remainder as against their co-grantee, George K. Atkinson, is reversed and remanded for further proceedings in accordance with this opinion. Each party shall pay one-half the costs in this Court.